ROSE SCHINDLER, Respondent, *v.* ROYAL INSURANCE COMPANY, Appellant.

(Argued January 4, 1932; decided February 9, 1932.)

*Louis Bevier* for appellant. The facts set up in the second defense are sufficient to constitute a bar to the action. (*King* v. *Warden of the Fleet*, 12 Mod. Rep. 337; *Gibson* v. *McCarty*, Lee Rep. 311; *Petrie* v. *Nuttall*, 11 Exch. 568; *Maybee* v. *Avery*, 18 Johns. 352; *Eagle, Star & British Dominions Ins. Co.* v. *Heller*, 149 Va. 82.)

*Maxwell Slade, David H. Slade* and *C. Saul Port* for respondent. The defendant's second defense, which alleges that plaintiff's criminal conviction for filing a false proof of loss constitutes a bar and makes *res adjudicata* the present civil action, is not sufficient. (*Leventhal* v. *Home Ins. Co.*, 165 N. Y. Supp. 323; *Willson* v. *Manhattan Ry. Co.*, 20 N. Y. Supp. 852; *Interstate Dry Goods Stores* v. *Williamson*, 91 W. Va. 156; *Sims* v. *Sims*, 75 N. Y. 466; *People* v. *Rodawald*, 177 N. Y. 408.)

POUND, J. Plaintiff sues on an insurance policy for a fire loss. Defendant sets up as a defense that by its terms the policy shall be void in case of any fraud of the insured touching the subject of the insurance; that plaintiff made to it a false and fraudulent statement of loss

and damage; that thereafter plaintiff was convicted in the County Court of Nassau of the crime of presenting to defendant such false and fraudulent proof of loss and that such judgment of conviction is a bar to the maintenance of this action by the plaintiff and the issue of plaintiff's fraud is *res adjudicata.* The defense has been stricken out as bad and a question certified as to its sufficiency.

Appellant does not question the existence of a general rule that conviction in a criminal action is not conclusive proof in a civil action of the facts on which the judgment of conviction rests, but challenges the application of the rule in its extreme form to this case as absurd, unjust and unsound in principle.

The source of this rule dates back towards the beginning of the common law. (*The King* v. *The Warden of the Fleet,* 12 Mod. Rep. 337.) In the *Dutchess of Kingston's Case* (2 Smith's Leading Cases [13th ed.], 644) the Lord Chief Justice of the Court of Common Pleas, after conference with the judges, answered certain questions of the House of Lords to the effect that a transaction between two parties in a judicial proceeding ought not to be binding on a third; " for it would be unjust to bind any person who could not be admitted to make a defence, or to examine witnesses, or to appeal from a judgment he might think erroneous." It may be thus stated: Any judgment of conviction or acquittal is a decision *in rem* which estops the whole world from attacking the fact of conviction but estops only the parties, unless the Legislature has otherwise provided, from afterwards raising the question whether the accused was in fact guilty or innocent of the offense of which he was convicted or acquitted. In any civil proceeding to which the People are not parties, one may, after having been convicted of a crime, assert his innocence and put his opponent to his proof of guilt, or after having been acquitted on a criminal charge, may himself be subjected to a trial anew of the issue of fact.

The reasons given for the rule are that dissimilarity of object, procedure and degree and elements of proof in the two trials forbid that the criminal judgment should be held to be decisive of the facts on which it is based. (6 North Car. Law Review, 333; Spencer Bower on Res Adjudicata, p. 130, *et seq.; Sims* v. *Sims*, 75 N. Y. 466, 471–473; *People* v. *Rodawald*, 177 N. Y. 408, 425; *Leventhal* v. *Home Ins. Co.*, 165 N. Y. Supp. 323, 325, 326.)

As the lapse of time has tended to dissolve many substantial distinctions between civil and criminal trials, these reasons have become weak and outdated unless we fall back on the doctrine of mutuality of estoppel which requires that no party to a legal proceeding should be bound by a prior judgment unless the party seeking the benefit of the former adjudication would have been prejudiced by it if it had been determined the other way. (*Burt* v. *Union Central Life Ins. Co.*, 187 U. S. 362–367.) While a judgment of acquittal is only a determination that guilt has not been established beyond a reasonable doubt, although a preponderance of evidence might point thereto, a valid judgment of conviction in a court of competent jurisdiction with all the safeguards thrown about a person accused of crime which enable him to make his defense, to examine witnesses and to testify in his own behalf, might be held free from collateral attack without exposing the law to the jibes and jests of the critics of our present system of administering justice. As said PRENTIS, P., in *Eagle, Star & British Dominions Ins. Co.* v. *Heller* (149 Va. 82, 111), in which the rule of conclusiveness is applied in its entirety: " To permit a recovery under a policy of fire insurance by one who has been convicted of burning the property insured, would be to disregard the contract, be illogical, would discredit the administration of justice, defy public policy and shock the most unenlightened conscience."

The Legislature can get over the authorities by enacting that all convictions shall be conclusive evidence of

the guilt of the convicted person in any proceeding, civil or criminal, whoever may be parties, for the purpose of establishing whenever material the facts on which the conviction rests. The court might so decide were the occasion imperative and the necessity clear, but established precedents are not to be lightly set aside even though they seem archaic. (*Matter of Grifenhagen* v. *Ordway*, 218 N. Y. 451, 458.)

The rule in New York from an early day (*Maybie* v. *Avery*, 18 Johns. 532) has relaxed the strict rule of complete exclusion. It permits proof of the conviction as *prima facie* evidence of the facts involved. The same rule has been stated in England (*Matter of Crippen*, L. R. [1911] Prob. 108, 115), where EVANS, P., said: "In my opinion, where a convicted felon, or the personal representative of a convicted murderer who has been executed, brings any civil proceeding to establish claims, or to enforce rights, which result to the felon, or to the convicted testator from his own crime, the conviction is admissible in evidence, not merely as proof of the conviction, but also as *presumptive proof* of the commission of the crime."

It would be an unedifying spectacle if the courts should now apply the strict rule which excluded all reference to the judgment of conviction in the civil action as evidence tending to establish the material facts. We shall, however, continue to hold that it is not effective as a plea in bar.

The order should be affirmed, with costs, and the question certified answered in the negative.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur; HUBBS, J., dissents for the reasons stated in *Eagle, Star & British Dominions Ins. Co.* v. *Heller* (149 Va. 82).

Order affirmed, etc.