FOURTH DEPARTMENT, NOVEMBER, 1939.
(November 10, 1939.)

In the Matter of the Application of LOUISE ZUBER, for a Determination as to Validity, Construction or Effect of the Disposition of Property Contained in the Will and Testament of KATHERINE KOCH, Also Known as CATHERINE KOCH, Deceased.— Decree affirmed, with costs payable out of the estate. Memorandum: While it is true that a will speaks as of the time when it takes effect (*Beetson* v. *Stoops*, 186 N. Y. 456, 460), the testator himself speaks as of the time of the making of his will (*Matter of Hoffman*, 201 N. Y. 247; *Morris* v. *Sickly*, 133 id. 456; *McLean* v. *Freeman*, 70 id. 81); and, for the purpose of arriving at the intention of the testator, it is necessary to look to the circumstances as they existed when he made his will. At the time this will was made a wife was not an heir, and when testatrix bequeathed her estate to her children and " in case of the death of any of the above named children * * * to his or her heirs," she did not intend to include a wife of a son who predeceased her. Notwithstanding the reasoning of the opinion in the case of *Gillian* v. *Guaranty Trust Co.* (186 N. Y. 127), and notwithstanding our decision in *Matter of Ward* (251 App. Div. 781), we are constrained to affirm the decree here appealed from, on the authority of *Matter of Waring* (275 N. Y. 6). All concur. (The decree construes a will.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.

EDWARD EVERDYKE, Respondent, v. EDWARD ESLEY and FLOYD ESLEY, Appellants.— Judgment and order reversed on the law and new trial granted, with costs to the appellants to abide the event. Memorandum: The court erred in not permitting proof of the conviction of the plaintiff. (*Schindler* v. *Royal Insurance Co.*, 258 N. Y. 310; *Matter of Rechtschaffen*, 278 id. 336.) All concur. (The judgment is for plaintiff in a civil action for assault. The order denies a motion for a new trial.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.