**STAGECRAFTERS' CLUB, Inc. v. DISTRICT OF COLUMBIA DIVISION OF AMERICAN LEGION.**

Civ. A. No. 866–52.

United States District Court
District of Columbia.

March 31, 1953.

128

Mark P. Friedlander, Washington, D. C., for plaintiff.

Wilkes, McGarraghy & Artis and James E. Artis, Washington, D. C., for defendant.

KEECH, District Judge.

In connection with settling the findings of fact and conclusions of law in this case, the plaintiff has urged an error in the admission of evidence which was raised but not pressed at the trial, and therefore not considered in the court's opinion. The plaintiff contends that the record of its conviction and the convictions of its president and manager were not admissible as proof of the facts on which the convictions were based, hence there was no evidence at the trial of any breach by the plaintiff of the covenant in the lease that the premises in question would not be used for an unlawful purpose.

The court recognizes that for many years the majority of courts have followed the general rule that a judgment in a criminal proceeding is not admissible in a civil action to establish any fact determined in the criminal trial. However, "the rigid rule of exclusion of judgments in criminal cases as evidence in civil cases involving the same facts has been relaxed in recent years by some courts in particular situations. Thus where a party to a civil case has previously been convicted in a criminal case of a crime relating to the same factual situation which is in issue in the civil case, it has sometimes been held that the record of his conviction is admissible against him, on the ground of estoppel or public policy." [1]

Those courts which recognize an exception to the general rule of exclusion differ as to the weight to be accorded the criminal conviction.[2] Some receive the judgment of conviction as conclusive evidence of the facts on which it was based; some receive it as prima facie evidence of such facts, subject to rebuttal. Certain courts limit application of the exception to those cases in which the convicted person seeks to take advantage of rights arising from the crime of which he was convicted, such as cases in which one convicted of arson seeks to collect on a fire insurance policy,[3] or a beneficiary convicted of murdering the insured seeks to recover under a life insurance policy.[4]

Because of the difference in the degrees of proof in criminal and civil proceedings, an acquittal in a criminal case should not constitute an adjudication of the same facts when raised in a civil case.[5] So, too, if the criminal case is of such nature that the conviction could have been based on proof of only part of the facts charged, and it is therefore impossible to determine precisely what facts were determined as the basis of the conviction, the criminal conviction would be of no probative value to establish the same facts when raised in a civil case.[6]

However, where the issue in the criminal case was clear, the defendant appeared, was represented by counsel, had an opportunity to testify and present his witnesses and to cross-examine the wit-

1. New York Life Ins. Co. v. Murdaugh, 4 Cir., 94 F.2d 104, 108; Austin v. U. S., 7 Cir., 125 F.2d 816, and cases there cited; Wigmore, Third Ed., §§ 1346a, 1671a.

2. Annotation, 18 A.L.R.2d 1299.

3. Eagle, S. & B. D. Ins. Co. v. Heller, 149 Va. 82, 140 S.E. 314, 57 A.L.R. 490.

4. Austin v. U. S., supra.

5. Hammel v. Little, 66 App.D.C. 356, 87 F.2d 907; Tennessee Odin Ins. Co. v. Dickey, 190 Tenn. 96, 228 S.W.2d 73, 18 A.L.R.2d 1284; Schindler v. Royal Ins. Co., 258 N.Y. 310, 179 N.E. 711, 80 A.L.R. 1142.

6. New York & Cuba Mail S. S. Co. v. Continental Ins. Co., 2 Cir., 117 F.2d 404, concurring opinion of Augustus N. Hand, C. J.

nesses against him, and was duly convicted, there is no sound reason why the judgment of conviction should not be admitted in a civil case based on the same facts as at least prima facie evidence of those facts.

It may be argued that in prosecutions for some misdemeanors the offense charged is not of sufficient importance to warrant the defendant's contesting it to the fullest extent, and that under such circumstances the conviction should not estop the defendant to challenge the same facts in a civil proceeding. This objection is met if one holds the criminal conviction to be only prima facie evidence in the civil case, subject to rebuttal and to be given such weight as the trier of the facts deems proper. Where the criminal prosecution has been actively defended and no rebutting evidence is offered, the court is warranted in holding the conviction conclusive proof of the facts in the civil action.

No District of Columbia case on this point has been called to the court's attention. Other federal courts,[7] as well as the courts of Maryland[8] and Virginia,[9] have recognized exceptions to the rule of exclusion.

On the facts of this case, where the sole issue determined by the Municipal Court convictions of the plaintiff and its officers was the sale of liquor on the leased premises in violation of § 25–109 of the District of Columbia Code, this court holds that the judgments of conviction were admissible as prima facie evidence of the unlawful use of the leased premises by the plaintiff, and, the convictions having been affirmed by the Municipal Court of Appeals for the District of Columbia and there being no rebutting evidence, the convictions were conclusive proof of that fact.

In a situation such as this, common sense and good judicial administration dictate that the civil court shall not retry at length, more than two years after the oc-

currence, issues which were fairly determined in the criminal proceeding, when the evidence was fresh, by a competent tribunal after full litigation by the party against whom the conviction is offered in evidence.

However, in this case, even if it be held that evidence of the convictions was improperly received and that the record contains no evidence of the unlawful use of the premises in question, the plaintiff's action must fail, as any interest which it had in the lease was acquired by the defendant under a valid tax sale by the federal government.

---

7. New York Life Ins. Co. v. Murdaugh, supra; Austin v. U. S., supra; New York & Cuba Mail S. S. Co. v. Continental Ins. Co., supra; U. S. v. Gramling, 5 Cir., 180 F.2d 498.

8. Wald v. Wald, 161 Md. 493, 159 A. 97.

9. Eagle, S. & B. D. Ins. Co. v. Heller, supra.