ABRAHAM GALANT AND MOLLY GALANT, HUSBAND AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 54456. Filed May 28, 1956.

*Joseph L. Alioto, Esq.,* for the petitioners.
*Aaron S. Resnik, Esq.,* for the respondent.

OPPER, *Judge:* Respondent was not prevented from resorting to the net worth computation of petitioners' income by reason of the maintenance of some books and records by petitioners. "* * * if properly applied, the net worth method merely evidences income apparently received. *Estate of W. D. Bartlett*, 22 T. C. 1228. Nor is its use banned simply because a taxpayer maintains a set of books from which an income can be computed." *Harry Gleis*, 24 T. C. 941, 949.

Except in one respect petitioners have entirely failed to sustain their burden of disproving the deficiency. Their admission of the correctness of all other items on the net worth statement leaves only the existence and amount of cash in dispute. Between their claim to the possession of about $42,000 in cash and respondent's determination of $1,000, we have found the fact to be that they had at the beginning of the period in dispute the amount of $24,000. This is neither as large as petitioners claim nor as little as respondent allowed. See *Michael Potson*, 22 T. C. 912, affirmed sub nom. *Bodoglau* v. *Commissioner*, (C. A. 7) 230 F. 2d 336. Although perhaps leaning in petitioners' favor, this is the largest amount of cash as to the existence of which we can ascertain even moderately reliable evidence. Molly's conviction of a felony combined with the other circumstances leads us to place no reliance upon her unsupported testimony. See *Lillian Kilpatrick*, 22 T. C. 446, affd. (C. A. 5) 227 F. 2d 240. Those items, however, as to which Abraham claimed to have firsthand knowledge, we have accepted with some doubts.

According to the petitioners' own account, all of their cash was used during the years 1947 through 1949. There being no evidence as to the precise amounts expended in each year, we have redetermined the amount of cash on hand during each of those years and the consequent increase in net worth as best we can from the evidence on hand. *Cohan* v. *Commissioner*, (C. A. 2) 39 F. 2d 540. The results appear in our Findings of Fact. Except to this extent, respondent's determination is approved.

With respect to the issue of fraud, there are two sets of admissions that militate heavily against petitioners. The first is that all items on the net worth statement prepared by the revenue agent, as detailed in our findings, were stipulated by petitioners as correct except for the item of cash on hand. With this must be coupled their testimony that no part of that cash found its way into other assets until in 1947 they began paying for the construction of their motel. The consequence is admitted understatements of income for the year 1945 of almost $3,000, and for the year 1946 of more than $7,500. No explanation whatever appears in petitioners' testimony at the hearing as attempting to justify this admitted failure to report income. And although

the amounts may not seem of immense size, they bulk in large proportion to the reported income which showed a loss in 1945 and only $3,313.18 in 1946.

The other admission is that even on petitioners' own story, the largest amount of cash on hand claimed was about $42,000. For the 5 years in controversy the total understatement of income as computed by the net worth method was some $75,000. Emphasizing again that petitioners accept the correctness of the net worth statement in all respects except as to cash, the result would be a net understatement even by their own account of over $30,000 during the 5-year period. Again there is no explanation for understatements which must either have been of considerable size if concentrated in one year, or must have been made with regularity and consistency if spread over the entire period. Such large or consistent failures to report income without a suggested excuse are at least some evidence of a fraudulent intent. *Frank A. Weinstein*, 33 B. T. A. 105; *Drieborg* v. *Commissioner*, (C. A. 5) 225 F. 2d 216.

Without attempting to enumerate all additional facts which have led to our conclusion that some part of the deficiencies were due to fraud, the following may be listed as examples:

Petitioners' failure to improve the adequacy of their records after both a revenue agent and their own accountant had warned them of their insufficiency;

The fact that at least Molly was an intelligent and capable business woman with a capacity to understand the figures involved and the consequence of any failures to report income received;

The statements made to the agents and inconsistencies and contradictions in the statements and between them and testimony at the hearing;

The testimony of Molly's brother as developed in the litigation between those two leading to the inference that recorded sales were consistently understated; and

The conviction of Molly for fraudulent understatements of income for 4 of the 5 years involved in this proceeding—a circumstance which might well by itself furnish prima facie,[1] see *Stagecrafters' Club* v.

---

[1] Judge Keech's excellent opinion in the case of *Stagecrafters' Club* v. *District of Columbia Division*, (D. D. C.), 111 F. Supp. 127, contains the following statement (at pp. 128, 129):

However, where the issue in the criminal case was clear, the defendant appeared, was represented by counsel, had an opportunity to testify and present his witnesses and to cross-examine the witnesses against him, and was duly convicted, there is no sound reason why the judgment of conviction should not be admitted in a civil case based on the same facts as at least prima facie evidence of those facts.

It may be argued that in prosecutions for some misdemeanors the offense charged is not of sufficient importance to warrant the defendant's contesting it to the fullest extent, and that under such circumstances the conviction should not estop the defendant to challenge the same facts in a civil proceeding. This objection is met if one holds the criminal conviction to be only prima facie evidence in the civil case, subject to rebuttal and to be given such weight as the trier of the facts deems proper. *Where the criminal prosecution has been actively defended and no rebutting evidence is offered, the court is warranted in holding the conviction conclusive proof of the facts in the civil action.* [Emphasis added.]

*District of Columbia Division,* (D. D. C.) 111 F. Supp. 127, if not conclusive, evidence, see *Julian Lentin,* 23 T. C. 112, affd. (C. A. 7) 226 F. 2d 695, certiorari denied 350 U. S. 934; *Stagecrafters' Club* v. *District of Columbia Division, supra;* cf. *Eugene Vassallo,* 23 T. C. 656, on the issue of fraud [2] as to those years.

On the entire record we have accordingly made the finding resulting from our conviction that respondent has sustained his burden of proof on the fraud issue. These factors are by no means overcome by the evidence that petitioners maintained a receptacle where some amount of money for some period of time may well have been hidden. Even if, bearing in mind respondent's burden of proof, we assume that the amount was not exaggerated, and even if it existed on the critical date, some part of all of the deficiencies must still be held to be attributable to petitioners' fraud.

*Decision will be entered under Rule 50.*

---

[2] Evidence of a conviction after trial as opposed to a plea of nolo contendere was clearly admissible. *Stagecrafters' Club* v. *District of Columbia Division, supra;* cf. *Lillian Kilpatrick,* 22 T. C. 446, affd. (C. A. 5) 227 F. 2d 240. The effect of section 7453, Internal Revenue Code of 1954, combined with the *Stagecrafters' Club* case, is to remove any question of admissibility. Such evidence would be admissible "in accordance with the rules of evidence applicable in trials without a jury in the United States District Court of the District of Columbia." We leave open as unnecessary to the decision of this case the effect of that section upon the weight to be accorded to the evidence.