Maurice Wahl, J.
The infant plaintiff Lorenzo Sochemaro (referred to herein as the “plaintiff”) seeks to replevy a Cadillac motor vehicle from the possession of the property clerk of the police department of the City of New York or, in the alternative, to receive money damages for conversion. The car was taken by the police from the plaintiff on October 21, 1955 at the time of his arrest for the illegal possession of narcotics. The plaintiff was subsequently acquitted in the Court of Special Sessions'. The police seized the car under the Public Health Law upon the ground that it was used to conceal and convey narcotics. The car was thereafter, pursuant to statute, turned over to the defendant police property clerk.
The defendant invokes the provisions of section 3353 of the Public Health Law and section 435-4.0 of the Administrative Code of the City of New York, and asserts that the motor vehicle was used in violation of law and is subject to forfeiture and is therefore unrecoverable. Plaintiff, the registered owner, now denies knowledge of the narcotics in the car and, furthermore, contends that the said statutes are inapplicable.
The question as to the involvement of the motor vehicle in narcotics under the Public Health Law is separate and distinct from the question as to the personal responsibility of plaintiff under the criminal law. Irrespective of plaintiff’s acquittal in the criminal court, and whatever the basis for such acquittal, the issues herein as to the alleged illegal use of the car are to be determined de novo by this court.
In the leading case of Schindler v. Royal Ins. Co. (258 N. Y. 310, 312) the court said: “ In any civil proceeding to which the People are not parties, one * * * after having been acquitted on a criminal charge, may himself be subjected to a trial anew of the issue of fact.” And at page 313, the court said: “ The reasons given for the rule are that dissimilarity of object, procedure and degree and elements of proof in the two trials forbid that the criminal judgment should be held to be decisive of the facts on which it is based. (* * * Sims v. Sims, 75 N. Y. 466, 471-473; People v. Rodawald, 177 N. Y. 408, 425; Leventhal v. Home Ins. Co., 165 N. Y. Supp. 323, 325, 326.) ”
*25 Tn Maybee v. Avery (18 Johns. 352) cited with approval by the Court of Appeals in the Schindler case (supra) the court said (pp. 353-354):
“ if it afterwards come collaterally in controversy, in a court of civil jurisdiction, * * - * an acquittal in such [criminal} court is not proof of the [fact}. (Italics supplied.)
“ an acquittal would not prevent the party [in the civil action] from giving evidence * * * for an acquittal ascertains no fact, as a conviction does ”.
Section 3353 of the Public Health Law provides in subdivision 1: “ Except as authorized in this article, it shall be unlawful to (a) transport, carry, or convey any narcotic drug in, upon, or by means of any vehicle * * * or (b) to conceal or possess any narcotic drug in or upon any vehicle * * * or upon the person of anyone in or upon any vehicle * * * or (c) to use any vehicle * * * to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any narcotic drug.” This case comes within this subdivision since the police found narcotics, consisting of eight marijuana cigarettes, concealed on top of the sun visor over the driver’s seat in this automobile which plaintiff was driving.
Section 3353 of the Public Health Law provides in subdivision 6: “ Forfeiture shall not be adjudged where the owners establish by preponderance of the evidence that (a) the use of such seized property, in violation of subdivision one of this section was not intentional on the part of any owner ”.
Under this subdivision, plaintiff has the burden of proof to establish that he had no knowledge of the presence of the narcotics in the car. Likewise, under subdivision f of section 435-4.0 of the Administrative Code, the burden of proof is cast upon the plaintiff to establish lawful use of the property. This provides: “ f. Lawful property right to be established.— In any action or proceeding against the property clerk for or on account of any property or money in his custody, a claimant from whose possession such property or money was taken or obtained,^ or any other claimant, shall establish that he has a lawful title or property right in such property or money and lawfully obtained possession thereof and that such property or money was held and used in a lawful manner.” (Italics supplied.)
The court finds that the plaintiff has not satisfied the burden of proof imposed upon him by law, and that he did have knowledge of the narcotics concealed in the car. Plaintiff, who has a record of conviction for petty thefts, failed to^ give the court a satisfactory explanation as to the events leading up to *26 the seizure of the car. He did not produce in court the alleged friends who were present with him in the motor. vehicle. He testified that he owned the car for about a month and that during that time he alone drove it with the exception of one occasion a week before when his brother-in-law used it for a few hours. Finally he admitted that shortly after the arrest he told the police officer that the narcotics belonged to him and not to his companions. All in all, the court was not overly impressed with the plaintiff or his background.
The City of New York could have instituted proceedings for the forfeiture of this car under the Public Health Law. Instead, the city, through the property clerk, is resisting this replevying action by invoking as its defense the Public Health Law and Administrative Code provisions. This, the city may do. Since this vehicle was used in violation of law and is subject to forfeiture, plaintiff has no lawful property right therein and this court, as a matter of public policy, will not .lend its aid to plaintiff to recover such property. This is true under established common-law principles. (Gonch v. Republic Stor. Co., 245 N. Y. 272; Flegenheimer v. Brogan, 284 N. Y. 268.) It is also true under the statute (Administrative Code, § 435-4.0, subd. e, par. 1). The fact that he was found not guilty in the criminal court in and of itself has no great significance in view of all the facts herein.
It is common knowledge that illegal narcotics activity is an insidious vice resulting in human degradation and suffering. It is notorious that this vice is facilitated by the use of an automobile. The Legislature, in the exercise of its powers, has enacted section 3353 of the Public Health Law as an aid in curbing this evil. The purpose of the statute is salutary, and its language is clear. This motor vehicle falls within the express condemnation of the statute, and this court will deny its return.
Judgment for defendant.