**Gussie W. McDUFFIE, Plaintiff,**

v.

**ÆTNA LIFE INSURANCE COMPANY,** a corporation organized under the laws of the State of Connecticut, Defendant.

Civ. A. No. 14404.

United States District Court
E. D. Michigan, S. D.

Aug. 12, 1957.

Rehearing Denied May 8, 1958.

Arthur H. Rice, Detroit, Mich., Jerome C. Hirsch, Detroit, Mich., of counsel, for plaintiff.

Gerald E. Schroeder, Detroit, Mich., for defendant.

LEVIN, District Judge.

The defendant insurance company issued a group policy of insurance to the Chrysler Corporation, the employer of the insured, Jeffery McDuffie, and he was issued a certificate under the policy in which his wife, Marion McDuffie, was named as the beneficiary.

Jeffery McDuffie died on July 31, 1954 as the result of a stab wound inflicted on him by his wife, the designated beneficiary, who was charged by the People of the State of Michigan with murder in the second degree. The charge was later reduced to manslaughter. She pleaded self-defense and upon trial before a jury in the Recorder's Court for the City of Detroit she was acquitted on December 14, 1954.

On August 6, 1954, acting under the provisions of the group policy, the defendant paid the sum of $500 for the funeral expenses of the deceased.

Pending the trial of the criminal case the defendant withheld payment of the remainder of the insurance proceeds to the beneficiary, Marion McDuffie, who had duly filed proof of death of the insured and formal claim for the money. On December 24, 1954, following her acquittal, the defendant paid her the remaining proceeds of the policy.

The defendant withheld payment until after the trial of the criminal case against Marion McDuffie for the reason that, under the law of Michigan, a beneficiary of a life insurance policy who feloniously takes the life of the insured may not benefit from his wrongful act. Ohio State Life Insurance Co. v. Barron, 1935, 274 Mich. 22, 263 N.W. 786, and Budwit v. Herr, 1954, 339 Mich. 265, 63 N.W.2d 841.

The plaintiff, Gussie W. McDuffie, a resident of Georgia, is the mother of the insured and under the terms of the policy is the successor to the rights of the designated beneficiary upon the latter's disqualification. She has brought this suit to recover the proceeds of the policy on the theory that, having feloniously brought about the death of the insured, the designated beneficiary was not entitled to the money under the law of the State of Michigan. The defendant counters by saying it had made payment only after the acquittal of the designated beneficiary and had no notice that the plaintiff would assert any claim to the money. The matter is now before the Court on the defendant's motion for a summary judgment in its favor.

It has long been held that a judgment of acquittal in a criminal case does not become *res adjudicata* of the facts upon which that case was tried in subsequent civil proceedings involving the same subject matter. It was said in Schindler v. Royal Ins. Co., 1932, 258 N.Y. 310, 179 N.E. 711, 80 A.L.R. 1142, that the source of the rule dates back to the beginning of the common law. In the course of stating the rule the Court said:

"In any civil proceeding to which the people are not parties, one may, after having been convicted of a crime, assert his innocence and put his opponent to his proof of guilt, or, after having been acquitted on a criminal charge, may himself be subjected to a trial anew of the issue of fact.

"The reasons given for the rule are that dissimilarity of object, procedure, and degree and elements

of proof in the two trials forbid that the criminal judgment should be held to be decisive of the facts on which it is based."

■ It is conceivable that the plaintiff in this case may be able to supply proof of the felonious intent or action of Marion McDuffie which was not available to the public prosecutor in the criminal case, or she may be able to produce evidence tending to prove the guilt of Marion McDuffie which was either overlooked or unknown at the time of the prosecution. Having had no part in, or responsibility for, the prosecution of the People's case, she may not be held bound by its results in asserting her own civil claim against this defendant.

The Supreme Court of the United States has said:

"It has been repeatedly held that though the civil suit is bottomed on the same facts, it is not barred by the prior judgment of acquittal in the criminal case." United States v. National Association of Real Estate Boards, 1950, 339 U.S. 485, 493, 70 S.Ct. 711, 716, 94 L.Ed. 1007.

The Supreme Court of Michigan, when confronted with a similar question, said in Day v. Gold Star Dairy, 1943, 307 Mich. 383, 389, 12 N.W.2d 5:

"The fact that plaintiff was convicted by a jury in the justice court for reckless driving in violation of the statute, [citing statute], is in no sense determinative of his rights under the Workmen's Compensation Act, a civil proceeding in which the judgment of conviction in a criminal case cannot be used as evidence to establish the truth of the facts to be determined therein."

In Burns v. United States, 4 Cir., 1952, 200 F.2d 106, 107, the widow and designated beneficiary of the insured, under a National Service Life Insurance policy, admittedly killed the insured, had been charged with murder and had been acquitted in the state court on a plea of self defense. In an interpleader proceeding the daughter claimed the insurance proceeds on the ground that the designated beneficiary had been guilty of the intentional killing of the insured and was therefore precluded from recovering under the policy. The Court of Appeals for the Fourth Circuit, in a per curiam opinion, affirmed the holding of the trial court that the action of the state court in the criminal case "was not binding in this case" and that upon the evidence submitted to the trial court "the killing was not justified on the theory of self defense" and that the designated beneficiary "was guilty of the intentional and felonious slaying of the insured."

It is urged by the defendant that at the time it made payment of the balance of the insurance proceeds to Marion McDuffie it had no notice from the plaintiff that she claimed to have any rights in these proceeds, and that it did not receive such notice until her attorney addressed a letter to the defendant dated February 21, 1955.

The affidavit in support of the motion for summary judgment is made by the defendant's home office representative who has been stationed at the plant of the Chrysler Corporation in Detroit since June 1, 1929. He is in charge of all group insurance of the employees of the Chrysler Corporation.

■ By stipulation, the personnel record of the insured with the Chrysler Corporation was made a part of the record of this case. In this document, entitled "Registration for Employment," Jeffery McDuffie named the plaintiff as his mother and stated that she was born in Thomasville, Georgia. The document also required him to state whether or not he carried life insurance and the amount. It is common knowledge that these questions are required to be answered by practically all life insurance companies before a policy is issued.

■■ It clearly appears that the defendant knew it was chargeable with the knowledge of the possible disqualification of Gussie McDuffie, the designated beneficiary, under the law of Michigan and for that reason withheld payment pending the trial of the criminal case

against her. It is also chargeable with the knowledge of the rule of law that a judgment in a criminal prosecution is not a bar to a subsequent civil action arising from the same set of facts. It had notice under the terms of its policy of insurance that, if Marion McDuffie became barred from taking the proceeds of the policy, the right to the proceeds would devolve upon the plaintiff, whose name was available to it from the insured's registration for employment with the Chrysler Corporation to whom it had issued its group policy, and in whose plant the defendant's representative was stationed.

The defendant had ample notice that there was a sufficient cloud on Marion McDuffie's right to the money to give rise to the claim of the plaintiff. It could easily have protected itself by the statutory interpleader proceeding against the persons who could assert rights to the proceeds of the policy. 28 U.S.C.A. § 2361 (1948).

It follows that the motion for summary judgment must be denied.