Nicholas M. Pette, J.
The plaintiff, in an action to recover damages for assault, moves for summary judgment on the issue of liability and thereupon for an immediate assessment of damages.
There is no question that the defendant was tried and convicted in the Court of Special Sessions of the City of New York on June 9,1959, of assault in the third degree. Nevertheless, all that the defendant has to say in opposition to this motion for summary judgment is:
‘ ‘ The action is for an assault alleged to have been committed by me against the plaintiff and was instituted by service of a summons and verified complaint, to which verified complaint I interposed a verified answer denying the allegations of the complaint with regard to said alleged assault. I still deny assaulting the plaintiff herein.
‘1 For the reasons stated by my attorney in his memorandum in opposition to plaintiff’s motion for summary judgment, I respectfully request that plaintiff’s motion herein for summary judgment be denied with costs.”
*149 Assault in the third degree is a misdemeanor. (People v. Rytel, 284 N. Y. 242, 246.) A conviction for a misdemeanor may be admissible, when logically relevant, in civil cases under the rule enunciated in Schindler v. Royal Ins. Co. (258 N. Y. 310, 314) which ‘ ‘ permits proof of the conviction as prima facie evidence of the facts involved.”
Since the incident and the surrounding facts upon which the conviction herein is based are identical with those upon which this action for damages is predicated, there can be no question that the conviction is prima facie evidence of the facts involved. (Everdyke v. Esley, 258 App. Div. 843.) That being so the plaintiff has established, prima facie, proof of his cause of action which, in the absence of rebuttal or other evidence, entitles him to summary judgment on the issue of liability. (Cf. Richard Equip. Corp. v. Manhattan Ind. Contr. Co., 9 A D 2d 691.) The mere statement by the defendant in his opposing affidavit — “ I still deny assaulting the plaintiff herein ”— is insufficient to offset the prima facie case established by the certificate of conviction buttressed by affidavits of the plaintiff and his attorney, and the reporter’s minutes of the trial in the Court of Special Sessions. Of course, the memorandum of law referred to in the defendant’s short affidavit cannot take the place of “ the material facts ” required by subdivision 2 of new rule 113 of the Buies of Civil Practice. The motion is accordingly granted and an assessment directed in accordance with subdivision 3 of the rule. Settle order.