Henry J. Latham, J.
In this action to recover damages for personal injuries, plaintiff moves for summary judgment on the issue of liability and for an immediate assessment of damages by a jury. _
_ The plaintiff, a patrolman with the New York City Police Department, was, on January 1,1959, assigned to act as recorder in an unmarked police vehicle. At about 12:30 p.m. of that day, plaintiff was seated in the right front seat of said police vehicle which was located on a ramp leading into North Con *867 duit Boulevard in the vicinity of Cross Island Parkway and facing in a westerly direction. The said ramp contains two lanes going in one direction and enters North Conduit Boulevard, converging with two other lanes at the end point of the ramp, thereby becoming a four-lane parkway, going in a westerly direction. The plaintiff and the operator of the said police vehicle observing a ear proceeding at an excessive rate of speed in a Avesterly direction along North Conduit Boulevard, proceeded off the ramp onto the main boulevard.
Plaintiff claims that the automobile operated by the defendant was in front of the said police vehicle and diagonally to its left and was in the second lane from the left on the four-lane highway and that suddenly and without giving any signal of his intention, defendant’s vehicle veered to the right and in the direction of the lane of traffic in which the said police vehicle was proceeding at about 50 miles an hour. In an effort to avoid an accident, the operator of the police vehicle veered to his right but in vain, since the front left fender of the police car' came into contact Avith the right rear fender of the defendant’s vehicle.
The defendant was given a traffic summons at the scene of the accident, charging him Avith violation of sections 1128 and 1163 of the Vehicle and Traffic LaAv of the State of New York. Section 1128 provides, in substance, that when a roadway is divided into two or more clearly marked lanes for traffic, a vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety. Section 1163 provides, in substance, that no person shall turn a vehicle from a direct course, or move right or left upon a roadway, unless he can do so with reasonable safety, and in doing so shall give an appropriate signal of his intention to so turn.
Defendant at his trial in the Queens Traffic Court on April 1,1959, pleaded guilty to both charges and was fined accordingly.
It is the contention of the plaintiff that the foregoing plea of guilty is admissible in evidence as an admission against interest and that the documentary evidence, consisting of the motor vehicle report and the defendant’s testimony in the Traffic Court, and the inconsistencies therein, demonstrate that the accident was caused solely by the defendant’s negligence.
The defendant, in his opposing affidavit, denies that he ever moved his car from the second lane to the left and that at no time did he ever proceed in the extreme left lane “ but was rather at all times in the second lane to the left of this four- *868 lane roadway ”; that prior to his plea of guilty in the Traffic Court, he ‘ went through an entire trial and it was only when the Court requested the presence of the wife of your deponent, necessitating the closing down of your deponent’s business upon which he relies for a livelihood, that the guilty plea was entered.” The defendant’s wife has furnished an affidavit in support of his version of the accident. She states 1 ‘ that at no time did the vehicle in which she was a passenger * * * swerve or turn to either the left or the right prior to the happening of this occurrence. ’ ’
It has been held that a conviction for a misdemeanor is admissible in a civil action as prima facie evidence of the facts involved when they are logically relevant. (Schindler v. Royal Ins. Co., 258 N. Y. 310, 314; Giessler v. Accurate Brass Co., 271 App. Div. 980; Everdyke v. Esley, 258 App. Div. 843.) Proof thereof, however, is considered only in relation to all the other evidence in the case. It is not conclusive. (Matter of Rechtschaffen, 278 N. Y. 336; Schindler v. Royal Ins. Co., supra.) Here, however, the plea of guilty was not to a misdemeanor, but to charges of traffic infractions. Such a conviction has been held inadmissible in a civil action. (Ando v. Woodberry, 9 A D 2d 125; Richardson, Evidence [8th ed.] pp. 335-336.)
Even if the conviction were admissible as prima facie evidence of the facts involved, this civil action could not be disposed of summarily on the basis thereof since the version of the accident attested to by the plaintiff is sharply contradicted by the opposing affidavits not only of the defendant but of his wife, who was a passenger in the car when the accident occurred and who did not testify at the trial in the Traffic Court. The facts contained in these affidavits are sufficient to refute the prima facie evidence of the facts imported by the conviction, assuming its admissibility, and to present an issue of fact which may be resolved only by a trial in the usual way. Issue-finding, rather than issue-determination, is the key to a motion for summary judgment. (Sillman v. Twentieth Century-Fox Film Corp., 3 N Y 2d 395, 404.) Where the affidavits present disputed questions of fact, the court may not, in effect, weigh the credibility of the affiants even though in so doing it could reach the right result. (Di Donna v. Sachs, 9 A D 2d 576.)
The motion is accordingly denied. Submit order.