**AETNA LIFE INSURANCE COMPANY,**
**Appellant,**

v.

**Gussie W. McDUFFIE, Appellee.**

**No. 13930.**

United States Court of Appeals
Sixth Circuit.

Jan. 15, 1960.

Gerald E. Schroeder, Detroit, Mich., and John H. Filer, Hartford, Conn., for appellant.

Arthur H. Rice, Detroit, Mich. (Eugene J. Hirsch, Detroit, Mich., on the brief), for appellee.

Before McALLISTER, Chief Judge, and MARTIN and CECIL, Circuit Judges.

PER CURIAM.

In this case, the Aetna Life Insurance Company has appealed from a judgment of the district court holding that the beneficiary of a life insurance policy on the life of her husband could not recover the proceeds of the policy, although she had been acquitted of feloniously causing his death. The insurance company had paid the proceeds of the policy to the wife of the insured only after her acquittal in the State Criminal Court.

After trying the action brought by the mother of the insured to recover the proceeds of the policy, the district court declared that the court was satisfied beyond a reasonable doubt that the wife—in the light of her own testimony and that of an eye witness—had killed her husband intentionally and feloniously and not in self-defense. He accordingly allowed recovery by the mother of the insured in the suit brought on the policy.

The district court cited Schindler v. Royal Ins. Co., 258 N.Y. 310, 179 N.E. 711, 80 A.L.R. 1142, to the effect that the dissimilarity of object, procedure, degree and elements of proof between a criminal trial and a civil trial forbade that the judgment in the criminal case should be held to be decisive of the facts in the civil action. The court also cited United States v. National Association of Real Estate Boards, 339 U.S. 485, 493, 494, 70 S.Ct. 711, 94 L.Ed. 1007, and Day v. Gold Star Dairy, 307 Mich. 383, 389, 12 N.W.2d 5. The district judge recognized, of course, that the law of Michigan was controlling.

It would seem that the opinion of the highest court of Michigan in the last cited case was justification under Michigan law for the decision of the trial court.

For the reasons stated by Judge Levin in his opinion, reported in 160 F.Supp. 541, the judgment of the district court is affirmed.