Van Voorhis, J. (dissenting).
The law of evidence has its roots in experience, and in common experience men and women charged Avith minor traffic violations plead guilty to avoid inconvenience whether they are innocent or guilty. In the Federal courts it is possible for a defendant in a criminal action *172 to plead nolo contendere, the accepted meaning of which is that the defendant chooses not to contest and takes the consequences of conviction but without admitting the truth of the charge against him. Such a plea could not be received in evidence as a voluntary admission against interest under the reasoning of the opinion by Judge Fulo in this case. The State procedure does not give opportunity to plead nolo contendere but that is exactly what persons accused of minor traffic violations generally mean to do and are understood to have done when they enter guilty pleas in such instances. They are subject to the punishment provided by law for the offenses to which they have pleaded guilty, but the criminal statutes do not impose the additional burden of having the conviction used in a civil action as a factual admission by the person charged that he or she did or omitted the act on which the traffic infraction depends. It is irrelevant that nolo contendere is not a form of plea that is used in the State courts, inasmuch as we are not confronted in this case with any of the consequences of conviction under the criminal law. We have before us merely the collateral effect of such a plea as bearing upon the civil rights of the party in an action for damages. It is contrary to ordinary experience to give that effect to this plea of guilty in the Magistrates’ Court, as the Appellate Division has correctly held. When Mr. Nichols pleaded guilty in the Manhattan Traffic Division of Magistrates’ Court to failure to make a proper turn or to signal, he rendered himself liable to whatever penalties were involved but in my view it cannot be said with justice or a sense of reality that he conceded whatever facts he was accused of by the arresting officer. I think that it was not intended that the first steps in the enforcement or defense of damage claims in automobile negligence accident eases should be taken in traffic courts or police courts, nor does it aid their most effective functioning if that is so (contrast Walther v. News Syndicate Co., 276 App. Div. 169, with Schindler v. Royal Ins. Co., 258 N. Y. 310).
Chief Judge Desmond and Judges Dye, Froessel, Burke and Foster concur with Judge Fuld; Judge Van Voorhis dissents in an opinion.
Judgment reversed, etc.