Eugehe M. McCarthy, J.
The plaintiff Nellie Rivera claims title to an automobile seized by the police in connection with the arrest of her husband, who was charged with gambling activities in violation of sections 974 and 975 of the Penal Law.
The automobile was purchased under a retail installment contract which listed the plaintiff and her husband Arturo as buyers and was signed by both of them. The contract provided that the automobile would be registered in the name of the plaintiff only and certificate of sale for filing in the Bureau of Motor Vehicles ivas executed by the seller with the name of the plaintiff as purchaser. The plaintiff has shown by the proof submitted that she was the owner at the time the automobile was seized (Michalowski v. Ey, 4 N Y 2d 277, 281).
*1031 Arturo Rivera had been under the observation of the arresting officer for three days. He was seen to be talking with people on the sidewalk and accepting money from them, and would also sit in the automobile during this time. On the date of the arrest he was found to be in possession of money with slips of paper on which were numbers with an amount alongside each number. The plaintiff was in the car at the time of its arrival at the location of arrest and had been seen in conversation with her husband Arturo. The trial of Arturo Rivera on charges of violating sections 974 and 975 of the Penal Law resulted in a dismissal.
Section 975 of the Penal Law, entitled “ Possession of Policy Slips ”, states that proof of the possession of any papers such as those described “ is presumptive evidence of possession thereof knowingly ’ ’. This presumptive evidence applies to Arturo Rivera from the circumstances shown.
To recover in this replevin action the plaintiff must show a possessory right recognized by law (Hofferman v. Simmons, 290 N. Y. 449, 455). Section 435-4.0 of the Administrative Code of the City of New York places the burden on the plaintiff to establish with respect to the use by the plaintiff of the automobile ‘ ‘ that such property * * * was held and used in a lawful manner” (Sochemaro v. Rosetti, 6 Misc 2d 23, 25). Although Arturo Rivera was acquitted in the criminal court such judgment is not decisive of the issues in this action (Schindler v. Royal Ins. Co., 258 N. Y. 310, 312, 313).
The plaintiff had never obtained a license to drive an automobile, had never driven one and her husband was the only one who drove. She was acquainted with the associates of her husband who were involved in the same activity and was in and around the car prior to and at the time of arrest of Arturo.
The plaintiff has not sustained the burden of proof required. While not a participant she was in close association with the gambling activities so that she actually knew or should have known that the automobile was used in connection with gambling activities (Matter of Lynch’s Bldrs. Restaurant v. O’Connell, 303 N. Y. 408, 410). The complaint is therefore dismissed.