Frederick Backer, J.
Plaintiffs move for partial summary judgment in the causes of action set forth in the complaint for wrongful death, pain and suffering, and for a jury trial to assess damages.
This motion raises questions of increasing interest to the Bench and Bar - although not novel in this State.
On or about October 10, 1963, one Mark Fein shot and killed one Rubin Markowitz. He was tried and convicted for the willful slaying of Markowitz and his conviction has been affirmed by the Court of Appeals and certiorari denied by the United States Supreme Court. Plaintiffs, the estate, widow and children of the deceased, have instituted the present action against defendant to recover damages for wrongful death and pain and suffering resulting from the murder of Markowitz.
We are now presented with their motion for summary judgment. They urge vigorously that since the issue as to whether Fein killed Markowitz was fully litigated in the criminal trial of Fein, when he was found guilty by a jury of the crime of *508 killing Markowitz, that all the facts adduced at said trial there became established facts by his conviction and, with the affirmance of said conviction in the Court of Appeals, and certiorari denied in the United States Supreme Court, those facts are therefore conclusive against the defendant, are res judicata, and cannot here be denied and defendant is therefore estopped from denying or relitigating the fact that he murdered Markowitz.
While strenuously urging this court to invoke the doctrine of equitable estoppel, plaintiffs, in their memorandum on this motion make the voluntary concession that “the New York State Courts have not as yet held that criminal conviction can act as an estoppel in a civil action.” However, in the cases they cite in other jurisdictions and upon the doctrine of equitable estoppel, they urge that this court invoke said doctrine herein. In light of the prevailing authoritative holdings by our courts of appellate jurisdiction in the State of New York, on the issue invoked, this court is of the ultimate conclusion that it may not, at nisi prius, overrule such authorities. The case of Schindler v. Royale Ins. Co. (258 N. Y. 310) is actually a fortiori herein and there, plaintiff was convicted of making a false and fraudulent proof of loss to an insurance company in connection with a fire. He sued the insurance.company on the policy for his loss. The policy contained provision that it should be void in case of any fraud. Defendant company pleaded the judgment of plaintiff’s conviction as an absolute bar to the suit. The Court of Appeals affirmed the dismissal of that complete defense holding as follows (p. 312): “ general rule that conviction in a criminal action is not conclusive proof in a civil action of the facts on which the judgment of conviction rests ”. Bringing this rule to more perspective emphasis, we find that Judge Pound, in the afore-mentioned Schindler case, in tracing the history of this rule, observed that “ The source of this rule dates back towards the beginning of the common law. (The King v. The Warden of the Fleet, 12 Mod. Bep. 337.) ” (p. 312.) And, to the critics of the rule, the court stated that centuries of “ precedents are not to be lightly set aside ” and ruled that it was the province of “ the Legislature ” and not the courts to change the law (pp. 313-314).
As stated the Schindler case is a fortiori to the instant case by reason of the factor that there the defendant asserted res judicata as a defense to a claim by the convicted felon, whereas in the case at bar, it is being used by the plaintiffs affirmatively to establish and prevail in their case. Moreover, in the Schindler case there was no indication that the convicted felon was at *509 that time attacking the conviction,- whereas, in the instant case, it appears that a petition for a writ of habeas corpus is pending in the United States District Court.
The Schindler case has been cited and followed as the law of the State of New York consistently. The Court of Appeals, only as late as last year in Heyert v. Orange & Rockland Utilities (17 N Y 2d 352) confirmed the Schindler holding, as did Matter of Rechtschaffen (278 N. Y. 336 [1938]) where the Court of Appeals held that prior convictions “ should be considered in relation to all the other evidence in the case,” (pp. 340-341). See, also, Purdie v. Ingram (18 A D 2d 667 [1962]) where defendant pleaded guilty to manslaughter for the killing of plaintiff’s intestate. Plaintiff sued defendant civilly for wrongful death, conscious pain and suffering (as in the case at bar). A motion by plaintiff for summary judgment was denied and the Appellate Division unanimously affirmed the denial, citing as authority the Schindler and Heyert cases (supra) as well as other cases. It is significant to note that in the Purdie case the defendant there had pleaded guilty to the crime whereas in the instant case, Mark Fein has maintained his innocence. To like vein, in point, we also have the cases of Uzenski v. Fitzsimmons 10 A D 2d 890; Goes v. Gifford Sales & Serv., 265 App. Div. 796, affd. 291 N. Y. 744; Everdyke v. Esley, 258 App. Div. 843.
It is to be noted that there are compelling legal reasons for the law as presently applied. In cases of wrongful death or conscious pain and suffering, factual issues are presented, involving among others, contributory negligence, assumption of risk. If a criminal conviction were to be considered as an absolute bar to contest liability, the defenses of contributory negligence, assumption. of risk, etc. would be completely lost in a civil suit. Thus, the present rule of only permitting the conviction to be admitted as evidence, but. not as conclusive proof of liability, is quite necessary to preserve other aspects of the law of torts.
The authorities cited by plaintiffs are inapposite and inapplicable herein. For all of the foregoing reasons, the motion by plaintiffs is in all respects denied.