Philip Wagner, J.
The complaint alleges an unlawful taking by the defendants of a violin, two bows and a case of the value of $4,000 from the plaintiff, and the unlawful sale thereof by the defendants, all to the plaintiff’s damage in the sum of $4,000 with interest from May 16, 1966.
The facts are as follows: In May, 1964 when the plaintiff was 14 years of age, he purchased a violin, two bows and a case, from a street peddler for $20. On May 16, 1966 the plaintiff, then 16 years of age, while attempting to pawn the violin was arrested by a police officer for ‘ ‘ unlawful possession of a Jean Baptiste Yuillaume violin and a case of the value of $1,500.”
The arresting police officer conducted a thorough investigation but was unsuccessful in locating a person from whom the violin had been stolen or who had lost it. Since there was no complainant, the prosecution against the plaintiff was dismissed on motion of the District Attorney, and the violin, two bow,s and case were turned over to defendant Bosetti, the Property Clerk of the Police Department of the City of New York.
On December 12, 1966, one George Carson of the Youth Board, on behalf of the plaintiff, called the Property Clerk’s office and requested that the violin be returned to the plaintiff. He was informed by Sergeant Baxter of that office that the plaintiff would have to wait one year before he could make a claim for the articles.
In the latter part of December, 1966, Mr. Carson was told by a Patrolman Kane of the Property Clerk’s office that the violin, two bows and a case had been sold at auction for $625 about six-and-a-half months before.
Defendants rely on section 435-4.0 of the Administrative Code of the City of New York to defeat plaintiff’s claim. The contention of the plaintiff that section 435-4.0 of the Administrative Code is unconstitutional is rejected.
Irrespective of the dismissal of the criminal charges against the plaintiff, the issue herein of whether the plaintiff has a right to the articles is to be determined de novo. (Sochemaro v. Rosetti, 6 Misc 2d 23.) The reason given for this is that the dissimilarity of the object, the procedure and degree and elements of proof forbid that the criminal judgment shall be held to be decisive of the facts on which it is based. (Schindler v. Royal Ins. Co., 258 N. Y. 310.)
The pertinent part of section 435-4.0 involved herein is subdivision “ f — Lawful property right to ae established.— In any action or proceeding against the property clerk for or on account *543 of any property or money in Ms custody, a claimant from whose possession such property or money was taken or obtained, or any other claimant, shall establish he has a lawful title or property right in such property or money and lawfully obtained possession thereof and that such property or money was held and used in a lawful manner. In any such action or proceeding, a claimant who derives his title or right by assignment, transfer or otherwise from or through the person from whose possession such property or money was taken or obtained, shall further establish that such person had a lawful title or property right in such property or money and lawfully obtained possession thereof and that such property or money was held and used in a lawful manner.” In the case at bar, under tMs subdivision, the plaintiff in order to recover the property taken from him when he was arrested must establish by a fair preponderance of credible evidence three elements: (1) that he had lawful title or property right in the violin, two bows and the case; (2) that he had lawfully obtained possession of such property; and (3) that he was holding and using such property in a lawful manner.
From the reported cases, it appears that recovery has only been denied in those cases where the article sought to be replevied had been used in an attempt to perpetrate a crime or in the commisison of a crime or where it was illegal contraband (Sochemaro v. Rossetti, supra; Angrisani v. Rosetti, 36 Misc 2d 523).
In the instant case, the evidence shows that the plaintiff had rightful possession of the violin when it was seized from him. There was no evidence to contradict his testimony that he had lawfully obtained possession and it is obvious from the testimony that he was using it in a lawful manner. Under the circumstances, the plaintiff has met the burden placed upon him by the Administrative Code and is entitled to recover.
The uncontradicted testimony of an expert witness who had personally examined the violin and bows is that it had a reasonable value of $4,000 at the time of trial. It is well established. that in replevin actions, the value of the article sought to be replevied is the value at the time of the trial. Since the violin has been disposed of, the plaintiff is entitled to judgment against the defendant Rosetti in the sum of $4,000 as demanded in the complaint with interest from May 16, 1966.
The complaint is dismissed as against the City of New York, since the Property Clerk is not deemed to be an agent of the city (United States v. City of New York, 82 F. 2d 242).
*544 Accordingly, judgment is rendered in favor of the plaintiff, against the defendant Rosetti in the sum of $4,000 with interest as herein provided.
All motions not specifically granted, and not otherwise disposed of, are to be deemed denied.