**JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, a Massachusetts corporation, Plaintiff,**

v.

**Gertrude Taylor WILLIS et al., Defendant.**

**Civ. A. No. 29728.**

United States District Court,
E. D. Michigan, S. D.

March 13, 1970.

Thomas E. Owen, Dickinson, Wright, McKean & Cudlip, Detroit, Mich., for plaintiff.

E. R. Whinham, Jr., Detroit, Mich., for Gertrude Taylor Willis and six other claimants.

Melvyn J. Kates, Detroit, Mich., for Margaret Willis.

Bernard J. Fieger, Howard Wittenberg, Detroit, Mich., for seven claimants.

## ORDER DISMISSING CLAIMS OF GERTRUDE TAYLOR WILLIS AND MARGARET WILLIS

LEVIN, District Judge.

This is an interpleader action brought by John Hancock Mutual Life Insurance Company which insured the life of Chester Willis.

Chester Willis married Gertrude Taylor Willis on December 26, 1937, in Louisiana. They ceased living together as husband and wife in 1942. On February 26, 1955, Chester Willis married Margaret (Margarette) Willis in Toledo, Ohio. No evidence of a divorce between Chester and Gertrude has been advanced. Chester died as a result of a stab wound inflicted by Margaret on December 22, 1964, following an argument. Margaret subsequently pled guilty to a charge of manslaughter.

When Chester applied for the life insurance coverage with John Hancock he designated the beneficiary as "Margarette Willis wife." The printed portion of the policy provides that "in the event of the death of the beneficiary last named by the [insured] prior to that of the [insured], or if no beneficiary shall have been named, the [insurance] shall be paid to the wife * * *, if living; if not living, to the children who survive such [insured], equally * * *."

Evidence that Margaret was temporarily insane at the time she killed Chester is not sufficient to overcome the rule that a beneficiary who feloniously causes the death of the insured may not recover insurance proceeds. United States v. Kwasniewski, 91 F.Supp. 847 (E.D.Mich. 1950). In any case, the plea of guilty by Margaret to the charge of manslaughter is conclusive of the issue of whether she feloniously caused the death of Chester and consequently evidence may not be introduced to challenge the judgment in this criminal action. Turbessi v. Oliver Iron Mining Co., 250 Mich. 110, 229 N.W. 454 (1930); Traveler's Insurance Co. v. Thompson, 281 Minn. 547, 163 N.W.2d 289 (1968); Austin v. United States, 125 F.2d 816 (7th Cir. 1942). Thus, Margaret is barred from receiving any proceeds of the life insurance policy. Ohio State Life Insurance Co. v. Barron, 274 Mich. 22, 263 N.W. 786 (1935); Aetna Life Insurance Co. v. McDuffie, 273 F.2d 609 (6th Cir. 1960).

Since Margaret is barred from receiving the proceeds of the policy, the alternate beneficiary is entitled to receive the proceeds. McDuffie v. Aetna Life Insurance Co., 160 F.Supp. 541 (E.D.Mich. 1957), aff'd 273 F.2d 609 (6th Cir. 1960). The printed portion of the policy provides that the first alternate beneficiary is the wife of the insured. Gertrude contends that she was the legal wife of the insured. However, Chester in designating the beneficiary had named Margaret as his wife. Regardless of whether Margaret was legally Chester's wife, it is clear that for the purposes of the insurance policy, the word "wife" was intended to refer to

**1322**

Margaret.[1] See, Chrysler Corp. v. Hardwick, 299 Mich. 696, 1 N.W.2d 43 (1941); Howard v. Chrysler Corp., 275 Mich. 706, 267 N.W. 585 (1936). The conclusion that Chester intended the word "wife" to refer to Margaret is supported by the fact that he was living with her at the time, holding himself out as her husband following a ceremonial marriage. Given the facts that Chester had separated from Gertrude almost twenty years prior to the issuance of the insurance policy, that Margaret was living with him as his wife, and that Chester in the designation of the beneficiary named Margaret as his wife, it is evident that the word "wife" wherever it appears in the insurance policy was intended to refer to Margaret. Certainly, it is highly unlikely that Chester would have wanted Gertrude to receive any of the proceeds of the insurance policy.

 Since neither Margaret nor Gertrude is entitled to receive the proceeds of the policy, the sole question remaining is which of the remaining defendants are children of Chester. A parent is precluded from testifying to the access or non-access of a spouse if the tendency of such testimony is to prove or disprove legitimacy of issue. King v. Peninsular Portland Cement Co., 216 Mich. 335, 185 N.W. 858 (1921); People v. Bedell, 342 Mich. 398, 70 N.W.2d 808 (1955); Harris v. Illinois Central Ry., 220 F.2d 734 (5th Cir. 1955) (applying Louisiana law). However, other evidence may be admissible to prove that Chester was not the father of particular children. Bassil v. Ford Motor Co., 278 Mich. 173, 270 N.W. 258 (1936).

It is hereby ordered that the claims of Gertrude Taylor Willis and Margaret (Margarette) Willis be, and the same are hereby dismissed. In view of the difficulty of proving that any of the thirteen remaining defendants are not the children of Chester, it would not serve a useful purpose to have a trial unless there is an intention to produce evidence that any of the thirteen remaining defendants are not the children of Chester. Counsel for the remaining parties are requested to advise me within two weeks whether any of the remaining defendants are not entitled to share in the policy proceeds.

---

1. This conclusion is supported by the following rules of construction established under Michigan law. Handwritten and typewritten language prevail over printed language. General provisions will yield to specific provisions. When there is an ambiguity, the court shall construe the contract in light of the situation and circumstances surrounding the parties at the time of contracting. Berk v. Gordon Johnson Co., 232 F.Supp. 682 (E.D. Mich.1964) and cases cited therein.