## (September 14, 1971)

■ In the Matter of C. James Lombardi, Jr., Petitioner, v. Edward J. Greenfield, as a Justice of the Supreme Court of the State of New York for Bronx County, Respondent.— No opinion. Concur — Capozzoli, J. P., Kupferman, Murphy and McNally, JJ.

## (September 16, 1971)

■ Harrison Coleman, Respondent, v. City of New York, Appellant, et al., Defendants.— Judgment of the Supreme Court, Bronx County, entered May 25, 1970, for the plaintiff in the amount of $90,954.89, after a jury trial, unanimously affirmed. Respondent shall recover of appellant $50 costs and disbursements of this appeal. The admission of the evidence of acquittal was undoubtedly to counter the prejudicial remarks in the opening made on behalf of defendant-appellant. Even if the admission of the acquittal evidence was error (cf. *Schindler* v. *Royal Ins. Co.*, 258 N. Y. 310), the Trial Judge in his charge to the jury, stated, without exception, " The fact that the plaintiff was subsequently acquitted of the charge would not be relevant and must be disregarded by you." There was no further request to charge and no motion had been made for a mistrial. Concur — Capozzoli, J. P., Markewich, Kupferman, Murphy and McNally, JJ.

■ In the Matter of Donald D. Smith, Respondent, v. Motor Vehicle Accident Indemnification Corporation, Appellant.— Order, Supreme Court, New York County, entered on April 16, 1971, unanimously reversed, on the law, without costs and without disbursements, and the matter remanded for a further hearing. The evidence as presented, including the medical evidence, does not support the determination. It is noted also that the petitioner was not available or could not be located to testify. Because of the nature and extent of the injuries, it is felt that petitioner should be afforded an opportunity, if he can, to supply the deficiency in the proof. The case is remanded solely for that purpose. Concur — Stevens, P. J., Capozzoli, McGivern, Steuer and Tilzer, JJ.