John T. Casey, J.
The petitioner seeks an order compelling the Comptroller of the State of New York to conduct a hearing to review and to annul his prior determination which decided that the petitioner was not entitled to her husband’s New York State death benefits under the Retirement and Social Security Law.
The husband died as the result of a gunshot wound inflicted upon him by the petitioner on March 27, 1970. The petitioner was indicted for murder, first degree, as the result of her act. After trial the petitioner was found guilty of manslaughter, first degree, in violation of subdivision 2 of section 125.20 of the Penal Law. This judgment of conviction was unanimously affirmed on appeal to the Appellate Division, Third Department, on December 2, 1971 (People v. Grey, 38 A D 2d 689). On February 18, 1972 leave to appeal to the Court of Appeals was denied.
The section under which the petitioner was convicted provides a person is guilty of manslaughter in the first degree when: ‘ ‘ 2. With intent to cause the death of another person * * * causes the death of such person * * * under circumstances *721 which do not constitute murder because [she] acts under the influence of extreme emotional disturbance, as defined in paragraph (a) of subdivision one of section 125.25. The fact that [the] homicide was committed under the influence of extreme emotional disturbance constitutes a mitigating circumstance reducing murder to manslaughter in the first degree and need not be proven in any prosecution instituted under this subdivision.”
Patently, under the statute the crime of which the petitioner was convicted requires an intent to cause the death of the person slain and the element of extreme emotional disturbance serves only to lessen the degree of the crime, from murder, first degree to manslaughter, first degree. Such element neither excuses nor absolves the culpability of the offender as would legal insanity for example; nor does such element render the killing unintentional or accidental. Accordingly, such conviction precludes inheritance or any profiting from such wrong. (Riggs v. Palmer, 115 N. Y. 506; Matter of Sparks, 172 Misc. 642.) Since the issues of an intentional killing of her husband have been conclusively determined in the petitioner’s trial, Schindler v. Royal Ins. Co. (258 N. Y. 310) and its progeny which indicate to the contrary are no longer viable. (See S. T. Grand, Inc. v. City of New York, 32 N Y 2d 300.) They may not be relitigated herein under the doctrine of collateral estoppel (S. T. Grand, Inc. v. City of New York, supra), and the Comptroller’s determination that payment of death benefits must be made to the administrator of the decedent’s estate and not to the petitioner widow is not arbitrary and capricious and the petition must, therefore, be dismissed.