TENNESSEE ODIN INS. Co. *v.* DICKEY *et al.*

(*Nashville,* December Term, 1949.)

Opinion filed March 17, 1950.

GOODPASTURE, CARPENTER & DALE, all of Nashville, Pride TOMLINSON, JR., of Columbia, for plaintiff in error.

HOPKINS & HOPKINS and R. K. WOODY, all of Columbia, for defendants in error.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This case was first tried in the circuit court of Maury County in which Sherman Dickey recovered a judgment against the Tennessee Odin Insurance Company upon a contract of insurance which insured a Dodge automobile truck against loss by fire, etc. The Bank of Columbia held a mortgage on the truck to secure a note due it, and for this reason the suit was brought for the use and benefit of the bank. There was also a recovery of the statutory penalty for failure to pay the amount of the loss within 60 days from the date of the fire. The Court of Appeals affirmed the judgment of the trial court, but held that there was no evidence to warrant a recovery for the amount of the penalty.

The defense interposed in behalf of the insurance company was that the insured, Sherman Dickey, fraudulently procured the truck to be burned. This was in fact the only defense of the company.

The insured was indicted and tried upon the charge of wilfully burning the truck for the purpose of defrauding the insurance company. He was acquitted. When the civil suit came on to be tried counsel for the insurance

company gave notice to opposing counsel in open court that they would object to any reference being made to the judgment of acquittal of Dickey in the original court. Following Dickey's testimony in chief the counsel for the insurance company asked him on cross-examination if he did not procure certain persons to burn this truck, to which he answered that he did not.

To rebut the plaintiff's proof, which pointed very strongly to Dickey's guilt, the trial judge over the objection of counsel permitted the introduction of the minutes of the court in the criminal case which showed that he was acquitted of the crime of arson. He instructed the jury that this proof could not be considered as evidence that the plaintiff did not burn the truck, but could only be considered as reflecting upon his credibility. The Court of Appeals held that the introduction of this evidence ''did not constitute reversible error''.

We granted *certiorari* to consider the question as to the correctness of the trial court and Court of Appeals in ruling upon the admissibility of this evidence. The learned Court of Appeals, in support of its opinion that there was no ''reversible error'', relied upon Code Section 10654 which provides that there should be ''no reversal or new trial for errors not affecting the results of the trial''.

It is urged upon us by able counsel that inasmuch as both the trial court and Court of Appeals have ruled that the alleged error did not ''affect the results of the trial'' that this Court should accept it as conclusive of the question. In most cases it would be highly persuasive, if not conclusive upon us. But not so in the case at bar for the manifest reason that the introduction by the plaintiff, Dickey, of the minutes of the court showing his

acquittal of arson resulted in greatly impairing if not destroying the only defense which the insurance company had. Moreover it was an issue between the State and the plaintiff to redress a public wrong; while the present suit is to enforce a private right arising under contract. Ordinarily a witness may be asked upon cross-examination questions as to whether or not he has been guilty of certain crimes involving moral turpitude. His answers are binding upon counsel. Not so in the pending case, first because it was the sole and only defense to the plaintiff's suit and secondly the fact that the State was unable to prove *"beyond a reasonable doubt"* that Dickey was guilty of the crime of arson was wholly inadmissible upon the same issue in the civil suit in which his guilt could be shown by a *preponderance* of the evidence.

We are strongly convinced that when the minutes of the criminal court, showing Dickey's acquittal of arson, was offered in evidence the jury might well have concluded that the insurance company's defense was false, even though the court instructed the jury that it should go only to his credibility. In *Massey* v. *Taylor*, 45 Tenn. 447, 448, 98 Am. Dec. 429 it was held: "The acquittal of the plaintiff upon an indictment for embezzlement, is not entitled to any effect as evidence in a civil action, as an answer to the defense of embezzlement, or as tending to show, that, in fact, the plaintiff did not commit the embezzlement."

In Wigmore on Evidence, Vol. IV, Section 1346a, and Section 1671 there appears a conflict of authority as to the admissibility in evidence of a judgment of conviction or acquittal in a subsequent trial involving the same issue. But the weight of authority supports our own case of *Massey* v. *Taylor, supra*. We refer to the following

cases appearing in the footnotes to Section 1346a (Wigmore). *Shaw* v. *Glenn Falls Ins. Co.* (Canada) 1 D. L. R. 502, 12 Mar. Prov. 386, conviction of B for theft of an automobile, excluded. *Mutual Benefit Health & Accident Ass'n.* v. *Neale,* 43 Ariz. 532, 33 P. 2d 604. In *Interstate Dry Goods Stores* v. *Williamson,* 91 W. Va. 156, 112 S. E. 301, 31 A. L. R. 258, a judgment of conviction in a criminal case was held to be inadmissible. In *Occidental Ins. Co.* v. *Chasteen,* 255 Ky. 710, 75 S. W. 2d 363 the suit was to recover for a fire loss; the plaintiff's prior *acquittal* of arson was *excluded.* To the same effect, *Bobereski* v. *Insurance Co.,* 105 Pa. Super. 585, 161 A. 412; *Girard* v. *Vermont Mut. Fire Ins. Co.,* 103 Vt. 330, 154 A. 666. In Alabama, Virginia and a few other jurisdictions, it is held that prior *convictions* of arson were binding in the civil case. See *Fidelity-Phenix Fire Ins. Co. of New York* v. *Murphy,* 226 Ala. 226, 146 So. 387; *Eagle Star & British Dominions Ins. Co.* v. *Heller,* 149 Va. 82, 140 S. E. 314, 57 A. L. R. 490.

The plaintiff's acquittal is not admissible as a means of rehabilitating his character as a witness in his own behalf, for, as said in *Massey* v. *Taylor; "it is not entitled to any effect."* It is not competent for any purpose. The defendant insurance company was entitled to have the issue of his guilt decided upon the preponderance of all the evidence, regardless of a verdict of acquittal in the criminal court.

The judgment of the Court of Appeals in holding that the recovery of the penalty was without sufficient evidence to support it is affirmed. In all other respects it is reversed and remanded for a new trial.

All concur, except TOMLINSON, J., who did not participate.