Delena W. McSWEENEY, Appellant,

v.

**UTICA FIRE INSURANCE COMPANY OF ONEIDA COUNTY, N. Y., and the Implement Dealers Mutual Insurance Company, Jointly and Severally, Appellees.**

No. 7012.

United States Court of Appeals
Fourth Circuit.

Argued June 20, 1955.

Decided July 9, 1955.

Clement L. McEachern, Greenville, S. C. (Sidney McDaniels, Jr., Easley, S. C., on brief), for appellant.

W. Francis Marion, Greenville, S. C. (Robert S. Galloway, Jr., and Haynsworth, Perry, Bryant, Marion & Johnstone, Greenville, S. C., on brief), for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

■ This suit was brought by the owner of a dwelling house in Greenville, South Carolina, which had been damaged by fire, against two insurance companies to recover the face amount of certain policies of fire insurance, covering the property, which the companies had issued. They defended on the ground "that the fire was brought about by the illegal acts of the plaintiff herself, acting through her agent or representative, to wit, arson." The case came on to be tried before the District Judge and a jury which returned a verdict for the defendants. During the trial the plaintiff offered to prove that she had been tried and acquitted of arson of the house in the Court of General Sessions of Greenville County, South Carolina; but on objection the evidence was rejected as inadmissible. The correctness of this ruling is the sole question on this appeal.

The ruling is in accord with the prevailing law in South Carolina and elsewhere. Since the burden of proof on the moving party to establish the crucial facts is heavier in a criminal than in a civil case, and there is a dissimilarity of parties, it has generally been held that an acquittal in a criminal case is not admissible in a civil action as evidence of the innocence of the accused. New York Life Ins. Co. v. Murdaugh, 4 Cir., 94 F.2d 104; Tennessee Odin Ins. Co. v. Dickey, 190 Tenn. 96, 228 S.W.2d 73, 18 A.L.R.2d 1287.[1]

■ The rule has been relaxed on the ground of estoppel or public policy in some cases in which it has been held that proof of prior *conviction* may be received as evidence in a civil case since the judgment is a positive finding which indicates that the burden of proving the relevant facts beyond a reasonable doubt has been borne. New York Life Ins. Co. v. Murdaugh, supra; New York & Cuba Mail S. S. Co. v. Continental Ins. Co., D.C.S.D. N.Y., 32 F.Supp. 251, 264–265; Sovereign Camp W. O. W. v. Gunn, 229 Ala. 508, 158 So. 192; Eagle, Star & British Dominions Ins. Co. v. Heller, 149 Va. 82,

[1]. In Wolff v. Employers Fire Ins. Co., 282 Ky. 824, 140 S.W.2d 640, 645, 130 A. L.R. 682, it was said "that the judgment of conviction as well as the judgment of acquittal are each admissible circumstantial facts available to the party in whose favor they are, in a later civil action involving the same facts as were determined in the criminal prosecution"; but the question actually involved in that case was the admissibility of a prior conviction, and the statement as to the admissibility of a prior acquittal was dictum.

140 S.E. 314, 57 A.L.R. 490; Cf., Rhines v. Bond, 159 Va. 279, 165 S.E. 515; 18 A.L.R.2d 1290; but in South Carolina not even a conviction in the criminal court is deemed to be admissible in a civil case as proof of the defendant's guilt. Keels v. Atlantic Coast Line R. Co., 159 S.C. 520, 157 S.E. 834; Fonville v. Atlanta & Charlotte Air Line Ry. Co., 93 S.C. 287, 75 S.E. 172; Cf., Poston v. Home Ins. Co. of New York, 191 S.C. 314, 4 S.E.2d 261, 123 A.L.R. 1451.

Affirmed.