GEORGE SARTIN et al.

*v.*

MARVIN STINECIPHER et al.

348 S. W. 2d 492.

(*Knoxville,* September Term, (May Session), 1960.)

Opinion filed July 26, 1961.

O'NEIL, JARVIS, PARKER & WILLIAMSON, Knoxville, for appellants.

McCLUEN & COOLEY, Rockwood, for appellees.

MR. CHIEF JUSTICE PREWITT delivered the opinion of the Court.

This is an election contest instituted by George Sartin and others, each of whom were candidates for the office of Sheriff in Roane County, in the general election held in Roane County on Thursday, August 4, 1960. The defendant Marvin Stinecipher was also a candidate for the office of Sheriff of said County in said election, and this suit challenges the legality of the election of the defendant Stinecipher, to the office of Sheriff.

In addition the petition named as defendants the three members of the Board of Election Commissioners, and Mrs. John R. Davis, Secretary to the Board of Election Commissioners.

The case was heard on its merits before Honorable Wayne Oliver, presiding Judge, and at the conclusion of the evidence he dismissed the suit and this appeal resulted.

The lower court was of the opinion that the charges made in the petition were not borne out by the proof in that the proof offered was mere hearsay.

The petition charged that the election was held in Roane County in each and every precinct by the use of voting machines.

It is charged in the petition that immediately after the polls were closed, the judges of the election immediately locked and sealed the voting machines against further voting; that the judges in the various polling places then signed a certificate to the effect that the machine had been locked against voting and was sealed; that the said judges then certified the number of voters as shown on the counter, the number on the seal, the number registered on the protective counter, and certified that the voting

machine was closed and locked; that the judges in each precinct then opened the counter compartment in the presence of watchers and other persons lawfully within the polling places, giving full view of the counter numbers and thereafter one of the judges read and announced the designating number and letter on each counter for each candidate's name, and announced the result as shown by the counter numbers. These votes as registered on the machines were then entered on the statements of canvass by two judges, after which the figures were certified by being called off in the same manner from the counters of the machine by a judge and the return of the canvass was then filled out, which showed the total number of votes cast for each office, the number of votes cast for each candidate, as shown on the counter.

The returns were returned to the defendant Mrs. John R. Davis, Secretary to the Board of Election Commissioners and that Mrs. Davis had, at the time the suit was instituted, the keys in her possession to secure same from being tampered with.

The petition further avers that supporters of various candidates in said election, including supporters of the defendant, Stinecipher, conceived the fraudulent scheme of so manipulating the voting machines as to make it impossible for the machines to accurately reflect the true vote received by each candidate, including the candidate for the office of Sheriff of Roane County.

The petition also stated that while the judges of the election correctly took from the machines the number of votes cast for each candidate as then reflected on the machine, the said figures do not accurately disclose the will of the voters nor the true vote accurately cast, in

that the machines do not accurately reflect the votes cast for candidates in said election because said machines were so fixed prior to the election as to give to defendant votes which had not been cast for him, and to deprive petitioners of votes actually cast for them so that, in fact, the said election conducted on the said machines was a fraudulent and fictitious election.

Petitioners aver that the custodian of the voting machines in said county, hired by the defendant Election Commissioners, violated his trust and did himself, and with others aiding him, improperly prepare the machines for the general election, and did fraudulently prepare the machines so that the will of the voters would be defeated and the counters would not correctly reflect the votes cast for the respective candidates. That no one was given an opportunity to be present and see that the machines were properly prepared and placed in proper condition and order for use in the election.

The petition further averred that the custodian of the voting machines, who had the keys, and who had it within his power and knowledge to so fix and arrange the machines as to not properly record the votes for the respective candidates, not only went to the voting precincts for the purpose of preparing the machines, but went several times at several precincts.

The petition further averred that this custodian visited the machines and tampered with them on more than one occasion, during which time he was able to set the counters and to so fix the machines as to make it certain that favored candidates, including the defendant Stinecipher, would win the election, and that this was the

result of his misdeeds and this was the result which he accomplished in the race of Sheriff.

The petition further avers that the said custodian has confessed that he did this so that the election would not reveal the legal votes cast for the petitioners and so that the defendant, Stinecipher, would be the ostensible winner of said election. That in doing these things this employee rigged the machine and thus defeated the will of the people.

That the Election Commissioners, who canvassed said returns, did not have the right to go beyond the official counters at any precinct, and did not do so. That their duties were purely ministerial and not judicial.

The petition further averred that after the keys and voting machines were brought into court it would be found that in fact it was no election due to the fact that said machines were fixed and "rigged" so as to make the election a farce and a fraud.

The petition then prayed for injunctive relief and that the machines and keys be brought into court for examination by the Court.

The defendants filed joint answers to the petition and admitted that the mechanics of holding the election as alleged in the petition are substantially correct, and that no voting machines had been tampered with to their knowledge.

The answer further set out that the defendant, Election Commissioners, welcomed the idea that the court inspect each and every voting machine, and judicially determine for the benefit of the public and that said machines were not in any way rigged or tampered with, to the end that

public confidence will be restored in said voting machines, and further that the court fix the responsibility for such fraud and tampering so that the responsible person can be fully punished and that any necessary corrective measures be taken.

It was further charged in an amended petition that petitioner, George Sartin, was wrongfully deprived of more than 1,940 votes and defendant Stinecipher was the recipient of 1,530 votes, which he did not, in fact receive, and which the voters had not marked for him, and that the fraudulent acts by the said custodian and those working with him in connection with the election with the illegal acts charged, accounted for and built up the fraudulent majority.

There was an answer filed by the defendant, Stinecipher, to the amended petition in which he denied that there was any fraud or any tampering with the machines, and he denied all allegations that any of said machines were fixed prior to the election so as to give him votes which were not cast for him.

The said answer denied each and every averment of the petition to the effect that the custodian did not comply with the law relative to voting machines.

The court declined to have the voting machines brought into court and refused to examine them as contended for by the petitioners, he holding that the proof did not amount to a reasonable basis for bringing the machines into court; that the statements made by the alleged custodian, Bill Fergurson, were purely hearsay and not competent as evidence.

At the close of the plaintiffs' proof on motion of the defendant the case was dismissed and this appeal resulted.

Judge Oliver, who tried this case in the court below, had this to say in dismissing the suit:

"I think it is unnecessary to say any more than the Court has already said in the course of ruling upon the various objections that have been made in the course of this lawsuit. In this case, it is charged that the custodian of the voting machines manipulated those machines before the election by preregistering votes upon the machines in favor of certain people, and then by attempting to conceal that fact so that it would not be detected by the officials conducting the election. Now that may have been done—I don't know whether it was or not—but there is no competent proof in this record that it was done, not one word of competent proof in this record that those things charged did in fact occur. We have Mr. Sartin coming here and undertaking to testify that this custodian told him certain things, and undertaking to say that a recording which he presented here reflected statements being made by that custodian. That is hearsay by the most elementary rule of law, in the Court's opinion. All of it is rank hearsay. The custodian was here as a witness, his name was called, he answered, he has not been put on the witness stand; and what somebody else said that the custodian said at a former time is pure, pure hearsay and is not substantive evidence that any such did take place; and in the absence of any such evidence as that, the contestant here asks the Court to examine the machines themselves, but we cannot examine the result, the physical results, the physical evidence of an election. Whether

it be a ballot box containing paper ballots or whether it be a voting machine, the Court is not authorized to go into that and count it, and inspect it in the absence of competent proof justifying the Court in believing that irregularity was committed such as would change the result of the election; and therefore, I cannot bring those voting machines into Court or inspect those machines in this case without any proof of any such irregularity, any more than the Court could open a ballot box and count paper ballots without substantive proof of irregularity convincing the Court that that should be done. If this thing happened, it is certainly despicable, and it certainly is a fraud upon the people of this county, if it happened, and it may have; but this Court is bound by rules of law and must decide these lawsuits under the evidence presented. I can't decide lawsuits on evidence that might have been presented or upon the testimony of witnesses who might have been put on the witness stand, but only upon the evidence that was in fact placed before the Court; and there is no competent evidence here to sustain this petition. I read from two cases of the Court of Appeals on yesterday, cases as near in point, as far as the principle involved is concerned, as any cases I think that could be found in the books, and there is no question in the Court's mind about it. The motion to dismiss this case is sustained, and the case is dismissed.''

In *Inter-City Trucking Co. v. Mason & Dixon Lines,* 38 Tenn.App. 450, 276 S.W.2d 488, 491, the Court said:

''While there are decisions to the contrary, we think that a former plea of guilty in a criminal case is not admissible in evidence in a civil case where the pleader is not a party defendant to the civil case.''

See 18 A.L.R.2d 1312; *Tennessee Odin Ins. Co. v. Dickey,* 190 Tenn. 96, 228 S.W.2d 73, 18 A.L.R.2d 1284.

In the case of *Mutual Benefit Health & Acc. Ass'n v. Houston,* 22 Tenn.App. 570, 124 S.W.2d 722, it is stated:

"In action on accident policy, testimony of sheriff and deputy, who were not present at altercation, regarding conversation with another who held pistol which fatally injured insured, *was hearsay testimony,* and was not substantive evidence on issue whether insured made an attack and was competent only for purpose of impeaching the other."

It should be borne in mind that the alleged custodian was not made a party to this suit and did not testify. In this connection see *Letellier-Phillips Paper Co. et al. v. Fiedler et al.,* 32 Tenn.App. 137, 222 S.W.2d 42.

We agree with the trial judge that contestants furnished no substantive evidence of fraud and the statements alleged to have been made by the Custodian Fergurson are mere hearsay.

It results that the judgment of the lower court is affirmed.

BURNETT, SWEPSTON and FELTS, JUSTICES, concur.

TOMLINSON, JUSTICE, not participating.