**Otis GROVES et al., Plaintiffs and Defendants-by-Counterclaim,**

v.

**The AUTO OWNERS INSURANCE COMPANY, Defendant and Plaintiff-by-Counterclaim.**

**No. CIV–4–77–25.**

United States District Court, E. D. Tennessee, Winchester Division.

June 20, 1978.

Bernard K. Smith, Smith & Stanley, McMinnville, Tenn., and Clinton H. Swafford, Swafford, Davis & Peters, Winchester, Tenn., for plaintiffs.

Douglas M. Fisher, Nashville, Tenn., for defendant.

RULING ON EVIDENCE

NEESE, District Judge.

It is a claim of the defendant herein that the fire loss herein was set by, or in behalf of, the plaintiffs. Each plaintiff sought to testify that he has not been charged, in the two years intervening since such loss, with the crime of arson. The defendant objected to such evidence.

█ The general rule is that evidence that an insured has or has not been indicted for arson is inadmissible. 46 C.J.S. Insurance § 1338, p. 488 citing *inter alia Tennessee Odin Ins. Co. v. Dickey* (1950), 190 Tenn. 96, 228 S.W.2d 73. Even assuming *arguendo* that such proffered testimony constitutes relevant evidence, the Court believes

the probative value thereof is substantially outweighed by the danger of misleading the jury. Rule 403, Federal Rules of Evidence. This is because a criminal charge of arson requires proof beyond a reasonable doubt, whereas the proof of a plaintiff's intentional burning of the insured property herein is by a preponderance of the evidence.

The objection was SUSTAINED.