Joe WHEAT and Wife, Liz Wheat,
Plaintiffs-Appellees,

v.

CONTINENTAL CASUALTY
COMPANY,
Defendant-Appellant.

Supreme Court of Tennessee,
at Nashville.

June 6, 1983.

James D. Petersen, Franklin, for plaintiffs-appellees.

Lewis B. Hollabaugh, Terry L. Hill, Nashville, for defendant-appellant.

## OPINION

HARBISON, Justice.

In this case appellees combined in one action a suit upon a policy of fire insurance and tort claims for malicious prosecution, abuse of process and outrageous conduct. Appellant filed a timely motion to sever the insurance claim from the others. This motion was not granted, and all of the issues were tried together before the same jury and at the same time.[1]

At the end of the proof offered by the plaintiffs, appellees here, the trial judge directed a verdict for appellant on all of the tort claims. No issue has been made as to the correctness of this ruling. It is apparent from reading the proof offered by the plaintiffs that the tort claims were scarcely more than a ploy or a ruse to get before the trial jury evidence that the insured, appellee Joe Wheat, had been acquitted in a previous criminal trial after he had been indicted for arson and for insurance fraud. This acquittal was referred to in the original complaint and was repeatedly referred to in the evidence and in final arguments of counsel.

After the trial court had directed a verdict for appellant on all of the tort claims at the end of the plaintiffs' proof, the case proceeded to the jury only upon the con-

---

1. The record is silent as to whether the trial judge overruled the motion before trial or whether it was possibly abandoned by appellant and the issue of joinder waived. The record on appeal contains no order reflecting any action on the motion, nor was the matter made a separate issue on appeal.

tract claim against the insurance company. Not only did the jury award a recovery on the policy in approximately the maximum amount claimed, but it also awarded the maximum statutory penalty allowable.[2] The Court of Appeals affirmed. This Court granted review, limited, however, to the issue of the penalty.

 In the case of *Tennessee Odin Insurance Co. v. Dickey,* 190 Tenn. 96, 228 S.W.2d 73 (1950), this Court specifically held that the fact that an insured had been acquitted in an arson prosecution was inadmissible for any purpose in a later civil action upon the policy where the insurer defended upon the ground that the insured had procured the fire. Reversing a verdict for the insured because minute entries of his criminal acquittal had been introduced in evidence, this Court pointed out the obvious differences between the burden of proof of the State in a criminal case and that of an insurer in a civil case. The Court held that evidence of the acquittal was prejudicial to the insurer's defense and further said:

"The plaintiff's acquittal is not admissible as a means of rehabilitating his character as a witness in his own behalf, for, as said in *Massey v. Taylor;*[3] '*it is not entitled to any effect.*' It is not competent for any purpose. The defendant insurance company was entitled to have the issue of his guilt decided upon the preponderance of all the evidence, regardless of a verdict of acquittal in the criminal court." 190 Tenn. at 100, 228 S.W.2d at 75.

It is obvious that the defendant, appellant here, was deprived of the benefit of this rule by the tactics employed by plaintiffs in this case and by the failure of the trial court to sever the insurance claim from the others. Indeed the trial judge recognized this. At the end of the plaintiffs' proof, when sustaining appellant's motion for a directed verdict, the trial judge said:

"... [I] think it is clearly one of the things I have seen in the lawsuit, that by bringing a malicious prosecution you have got to give the jury otherwise inadmissible evidence, is that a jury of twelve people acquitting Mr. Wheat, and I admire you, whoever in your office devised that tactic, but I just simply—under the cases it can't go to the jury on this proof, on what I see as malicious prosecution."

Nevertheless the trial judge held that because the present civil action on the policy was not filed until after the insured had been acquitted of the criminal charges, the jury was entitled to consider whether the insurance company ought not to have been convinced of the insured's innocence by reason of his prior acquittal in the criminal court. He therefore left it for the jury to determine whether or not the insurer was thereafter guilty of bad faith in not paying the claim.

Under the facts of this case, in our opinion, this was erroneous and contrary to the holding of this Court in the *Tennessee Odin Insurance* case, *supra.*

 The fact of the acquittal of the insured was not only introduced into evidence but was emphasized in final arguments of counsel to the jury. We believe that prejudicial and reversible error occurred and that the case should be re-tried insofar as the penalty issue is concerned, without reference to this improper evidence.

The circumstances surrounding the fire were sharply controverted, and differing inferences could be drawn from the proof. In addition the insurance carrier never clearly stated to the insured that it was denying the claim on the basis of arson until shortly before trial of the present case. It gave other reasons, such as failure to file a proper proof of loss or to submit a sworn statement.

The fire in the present case was clearly the result of arson. The insured himself so admitted in his testimony. It occurred in the early morning hours at an automobile dealership operated by the insured, at a time when no one else was seen in the

---

2. T.C.A. § 56–7–105.

3. *Massey v. Taylor, Wood & Co.,* 45 Tenn. 447, 450 (1868).

vicinity. The insured testified, however, that he went to the premises and discovered that they had been burglarized. There was evidence of other burglaries in the area.

Whether the insured was or was not responsible for the fire was a jury issue which has been resolved in his favor both in the civil and criminal trials. Whether the insurance company was or was not guilty of bad faith, however, is a different question and one which we believe should be re-tried without reference to the fact that the insured had been acquitted in the criminal case.

Accordingly the judgments of the courts below are reversed insofar as they allowed a statutory penalty, and the cause is remanded for trial of that question alone, without reference to the dismissed claims of the insured for malicious prosecution or outrageous conduct and without reference to the fact of the acquittal of the insured in the criminal case. Costs incident to the appeal in this Court are taxed to appellees. All other costs will remain as taxed by the courts below to date. The trial judge will fix the costs incident to retrial.

FONES, C.J., COOPER and DROWOTA, JJ., and LEWIS, Special Judge, concur.