Felicia M. CHACON, Appellant–
Plaintiff,

v.

Sergeant Amy JONES–SCHILDS, Officer Jodi Shultz, Officer Kevin Dalman, and The Allen County Sheriff (in his representative capacity), Appellees–Defendants.

No. 02A05–0808–CV–484.

Court of Appeals of Indiana.

April 8, 2009.

Christopher C. Myers, Christopher C. Myers & Associates, Fort Wayne, IN, Attorney for Appellant.

John O. Feighner, J. Spencer Feighner, Haller & Colvin P.C., Fort Wayne, IN, Attorneys for Appellees.

## OPINION

KIRSCH, Judge.

Felicia M. Chacon appeals from the trial court's entry of judgment on a jury verdict in favor of Sergeant Amy Jones–Schilds, Officer Jodi Shultz, Officer Kevin Dalman, and the Allen County Sheriff (collectively "the Sheriff") on Chacon's complaint alleging that she suffered injuries due to excessive force while she was in the custody of the Sheriff. She raises the following restated issue: whether the trial court abused its discretion when it excluded evidence of the lack of a recording of the incident and any negative inference arising from the lack of such recording.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On February 10, 2005, Chacon was arrested and booked into the Allen County Jail. While in custody, she alleged that during the booking process, she became nauseous and threw up on the floor. She claimed that Sergeant Jones–Schilds became angry when this occurred, grabbed Chacon by the arm, yanking and twisting it, and threw Chacon against the wall and floor, which she said caused injuries to her head and tailbone. She also alleged that both Officer Shultz and Officer Dalman were present and failed to intervene on her behalf.

The area of the jail where this alleged incident occurred had a digital camera surveillance system. Images from the surveillance system were recorded on a DVR hard drive, and because of data storage limitations, the images were only retained on the hard drive until such time as they were recorded over, which was typically between sixteen and thirty days. The length of time that the images were retained on the hard drive was determined by how much movement or activity that the surveillance system captured in a particular area. The area where the alleged incident occurred was a high activity area, and therefore, the images were usually only retained for between fourteen and sixteen days until they were recorded over. Any images on the hard drive could be retained and transferred to another medium if a request was made to do so before the images were recorded over. No timely request was made by any party to transfer the images from the time of the incident to another medium.

Immediately after this alleged incident occurred, Chacon told the officers that she was going to hire a lawyer and sue them. Within days of the incident, Chacon wrote

an Inmate Request Form, which stated that she wanted to speak with the jail commander and reported the incident. On February 23, 2006, Chacon filed her complaint against the Sheriff alleging that Sergeant Jones–Schilds used excessive force against her and that both Officer Shultz and Officer Dalman were present and failed to intervene on her behalf. An amended complaint was filed on February 9, 2007.

In preparation for trial, counsel for the parties prepared and signed a Final Pretrial Order. This order contained sections for the contentions of the parties, contested issues of fact, contested issues of law, evidence to be presented by both parties, and the witnesses to be called by each party. Neither party mentioned the issue of the recording of the alleged incident or lack thereof in the Final Pretrial Order. The order explicitly stated that it was to control the course of the trial. It also provided that jury instructions were to be submitted by the parties. Both parties submitted their proposed jury instructions, and neither submitted any instructions relating to negative inferences regarding the lack of a recording.

On May 9, 2008, the trial court issued a Status Conference Order, which addressed the anticipated course of the trial. The trial court directed the parties to prepare an Index of Exhibits and file such with the trial court no later than fourteen days before the trial. The order also explicitly stated, "No exhibit, which is not listed on the Index of Exhibits, will be admitted into evidence, unless the necessity for the exhibit was not reasonably anticipated or by stipulation of the parties." *Appellant's App.* at 133. Both parties filed their Index of Exhibits, but no mention was made of the recording or lack thereof.

On June 10, 2008, the first day of trial, Chacon notified the trial court that she wished to present the recording from a different inmate's case that occurred in the same general area as Chacon's incident, to make an issue of the potential spoliation of evidence of the recording of Chacon's incident, and create a negative inference for the jury regarding the lack of such recording. The Sheriff made an oral motion in limine requesting the trial court to not allow Chacon to refer to any recording or lack thereof or to attempt to create a negative inference relating to such. The basis for such motion was that the lack of a recording had not been made an issue in the Final Pretrial Order and had only been brought to the attention of the Sheriff's counsel the day before the trial was to begin.

Chacon argued that the Inmate Request Form that she completed and the Tort Claims Notice filed on July 11, 2005 put the Sheriff on notice of the issue regarding the recording and that they should have preserved it. After further argument, the trial court granted the Sheriff's oral motion. When Chacon testified during the trial, her counsel sought to ask her about whether she was informed that she needed to request a copy of any recording within sixteen days, and the trial court refused to allow the question. On June 11, 2008, Chacon presented an offer of proof regarding this evidence and made an oral motion to reconsider, which the trial court denied. At the conclusion of the trial, the jury returned a verdict in favor of the Sheriff. Chacon filed a motion to correct error, which was denied by the trial court. Chacon now appeals.

## DISCUSSION AND DECISION

The granting or denying of a motion in limine is within the sound discretion of the trial court. *Perry v. Gulf Stream Coach, Inc.*, 871 N.E.2d 1038, 1047 (Ind.Ct. App.2007). "The granting of a motion in

limine is an adjunct of the inherent power of trial courts to admit and exclude evidence." *Id.* We will not reverse the trial court's decision to admit evidence absent an abuse of discretion. *Safe Auto Ins. Co. v. Am. Family Mut. Ins. Co.,* 890 N.E.2d 737, 741 (Ind.Ct.App.2008). An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances before the court or it misinterprets the law. *Id.*

Chacon argues that the trial court abused its discretion when it excluded evidence that a recording of the alleged incident of excessive force existed, but was subsequently not preserved. She contends that this evidence would have allowed a negative inference that the recording would have been unfavorable to the Sheriff, and the exclusion of such was also an abuse of discretion.

■■■ "Indiana discovery rules are specifically designed to avoid surprise and [a] trial by ambush." *Outback Steakhouse of Florida, Inc. v. Markley,* 856 N.E.2d 65, 76 (Ind.2006). A pretrial order is to "limit the issues for trial to those not disposed of by admission or agreement of counsel, and such order when entered shall control the subsequent course of action, unless modified thereafter to prevent manifest injustice." Ind. Trial Rule 16(J). The law is well settled that a pretrial order shall control the proceedings once it is entered. *Daugherty v. Robinson Farms, Inc.,* 858 N.E.2d 192, 198 (Ind.Ct.App.2006), *trans. denied* (2007). "In deciding whether to permit a modification from a pretrial order, 'the trial court considers both the danger of surprise or prejudice to the opponent, and the goal of doing justice to the merits of the claim.'" *Id.* (quoting *Daub v. Daub,* 629 N.E.2d 873, 875 (Ind.Ct.App. 1994), *trans. denied* ).

■■■ Here, prior to the trial, the parties prepared a Final Pretrial Order, which was to contain their contentions, contested issues of fact, contested issues of law, evidence to be presented, and the names of witnesses to be called. Nowhere in this order did either party address the issue of the recording, the lack thereof, or any negative inference to be drawn from such. The order explicitly stated:

> Reasonable opportunity has been afforded counsel for corrections or additions prior to signing by the Court. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court or by order of the Court to prevent manifest injustice.

*Appellees' App.* at 109. The Final Pretrial Order was signed by both parties and the trial court, and no amendments were ever sought. Additionally, on May 9, 2008, the trial court issued a Status Conference Order, which discussed the course of the trial. In that order, the trial court directed the parties to file an Index of Exhibits in a specified format and to file such at least fourteen days before the commencement of the trial. The order also specifically stated, "No exhibit, which is not listed in the Index of Exhibits, will be admitted into evidence, unless the necessity for the exhibit was not reasonably anticipated or by stipulation of the parties." *Id.* at 133. Both parties filed an Index of Exhibits, but no reference to the recording or lack thereof was included.

Chacon notified the Sheriff the day before the trial was to commence that she intended to present evidence of the lack of a recording as well as a recording from a different case that depicted the same area of the jail where Chacon's alleged incident occurred to create a negative inference regarding the recording. On the first day of the trial, Chacon informed the trial court of her intentions, and the Sheriff made an oral motion in limine to exclude

the evidence, which the trial court granted. The trial court based its grant of the motion on the fact that the lack of a recording was not made an issue in the Final Pretrial Order or any motion in limine and that it had only been brought to the attention of the Sheriff the day before the trial.

We find no abuse of discretion in the trial court's decision to exclude Chacon's proposed evidence regarding the lack of a recording and any negative inference flowing therefrom. While Chacon may have been entitled to such evidence and the negative inference that the recording was potentially adverse to the Sheriff, she had the burden to comply with the trial court's discovery and pretrial orders. We conclude that the exclusion of such evidence was a legitimate exercise of the trial court's authority to control the proceedings. Affirmed.

BAKER, C.J., and NAJAM, J., concur.