946 N.E.2d 1248 (2011)
Richard C. SIGO, Appellant-Plaintiff,
v.
PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY n/k/a/ LM Property and Casualty Insurance Company, Appellees-Defendants.
No. 25A03-1008-PL-406.
Court of Appeals of Indiana.
April 25, 2011.
*1249 Patrick B. McEuen, Millbranth & Bush, Valparaiso, IN, Attorney for Appellant.
Bruce P. Clark, Jennifer E. Davis, Bruce P. Clark & Associates, St. John, IN, Attorneys for Appellees.

OPINION
ROBB, Chief Judge.

Case Summary and Issue
Richard Sigo, Jr. brought this lawsuit against his insurer, Prudential Property and Casualty Insurance Company ("Prudential"), to recover for the fire loss of his home. Prudential contends Sigo caused the fire and has refused to pay the claim. Concurrently with this civil litigation, Sigo was charged and tried for arson of his home, and was acquitted by a jury. At issue in this interlocutory appeal is the trial court's grant of Prudential's motion in limine to exclude from the civil jury trial on Sigo's breach of contract claim any evidence concerning Sigo's criminal trial and acquittal of arson. Sigo raises one issue on appeal, which we restate as whether the trial court abused its discretion in weighing the probative value of the evidence against the danger of unfair prejudice to Prudential. We conclude the trial court did not abuse its discretion in finding the probative value of Sigo's criminal trial and acquittal was substantially outweighed by the danger of unfair prejudice, and we therefore affirm.

Facts and Procedural History[1]
On April 11, 2004, Sigo's home in Fulton County was destroyed by fire. The home was insured under a homeowner's policy with Prudential which excluded coverage for intentional losses, defined as "any loss arising out of any act committed: (1) by or at the direction of any insured; and (2) with the intent to cause a loss." Appellant's Appendix at 58. In the days following the fire, it was separately investigated by Frederick Sumpter of the Indiana State Fire Marshall's Office and by Michael Dilley, a fire investigator hired by Prudential.
The State of Indiana charged Sigo with arson of his home. In the criminal jury trial, Sumpter and Dilley testified on behalf of the State against Sigo. Specifically, Sumpter testified that he ruled out any possible electrical cause of the fire and that his investigation revealed "pour patterns" and multiple points of origin. Id. at 76. Sumpter opined that the fire was intentionally set using ignitable liquids poured on the floor in the living room, the hallway between the living room and office area, under the stairway to the second floor, and in the utility room. However, physical testing of samples taken from various parts of the floor did not reveal any "incendiary residue." Appellee's Appendix at 12. Dilley likewise testified that his investigation revealed pour patterns in the living room, the utility room, and under the stairway, and that he specifically ruled out the electrical breaker box as a source of the fire. Dilley testified that the fire was most likely set by Sigo, based upon his admission that he was the only person home at the time and Dilley's discovery that clothing, papers, and other items usually inside a house were found in Sigo's *1250 detached garage and some appeared to have been moved there from the house.
Sigo's theory of the fire was that it started accidentally as a result of electrical problems. Sigo presented testimony from expert Michael Parker that several electrical problems could have compounded each other and possibly started the fire. Sigo also presented testimony from expert Gerry Mang that, based on his investigation, the fire started from the electrical panel in the wall separating the utility room from the back bedroom, and that there was no evidence the "pour patterns" resulted from flammable liquids because other causes of such patterns were possible. The jury acquitted Sigo of arson.
Concurrently with the criminal case, in April 2005 Sigo filed a complaint against Prudential for bad faith and breach of contract based upon Prudential's refusal to pay his claim. Following discovery and based in part on the transcript from Sigo's criminal trial, the trial court granted summary judgment to Prudential on Sigo's bad faith claim. Sigo's contract claim remained viable and was set for a five-day jury trial in July 2010.
Prudential filed a motion in limine requesting the trial court to exclude from the jury trial any reference to Sigo's criminal trial and acquittal of arson. The trial court granted Prudential's motion in an order directing counsel and witnesses to "refrain from mentioning, addressing, or otherwise alluding to Sigo's criminal trial and Sigo's acquittal." Appellant's App. at 23. At Sigo's request, the trial court certified its order for interlocutory appeal and this court accepted jurisdiction.

Discussion and Decision

I. Standard of Review
We review for an abuse of discretion the trial court's grant or denial of a motion in limine. Chacon v. Jones-Schilds, 904 N.E.2d 286, 288-89 (Ind.Ct.App.2009). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the trial court, or if it misinterprets the law. Safe Auto Ins. Co. v. Am. Family Mut. Ins. Co., 890 N.E.2d 737, 741 (Ind.Ct.App.2008).
Indiana Rule of Evidence 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Trial courts are given "wide latitude" in making the balancing determination under Rule 403, and the party challenging the trial court's ruling bears the burden of persuading this court that the trial court erred in its exercise of discretion. Sears Roebuck & Co. v. Manuilov, 742 N.E.2d 453, 457 (Ind.2001).

II. Evidence of Criminal Trial and Acquittal
Sigo argues that his criminal trial and acquittal of arson is relevant and not substantially outweighed by the danger of prejudice to Prudential, and that any prejudice inherently resulting from the mention of his trial and acquittal is not unfair prejudice from which Prudential is entitled to protection. Noting that some of the same key witnesses who testified against Sigo at his criminal trial will also be testifying against him and for Prudential in the civil trial, he contends that evidence of the criminal trial is relevant to show those witnesses' bias and interest against him and provide context for their testimony. He contends Prudential has opened the door to evidence of his acquittal, which he states is necessary to dispel any inference by the jury that he was convicted as a result of the investigation by the State Fire Marshall's Office. Sigo *1251 points out that had he been convicted of arson, the conviction would be admissible at the civil trial pursuant to Indiana Code section 34-39-3-1, and therefore contends evidence of his acquittal should likewise be admissible to effect an "even playing field." Appellant's Brief at 9. Sigo adds that Prudential has already used the testimony at the criminal trial to its advantage in persuading the trial court to grant summary judgment on his bad faith claim. Sigo moreover argues that the prejudice to Prudential can be satisfactorily limited by a jury instruction emphasizing that a different burden of proof applied in the criminal case such that his acquittal is not direct evidence he should recover damages against Prudential.
Prudential argues that even though a criminal conviction is admissible in a civil trial, an acquittal need not be because unlike a conviction, it is not a positive finding of fact but only a negative judgment that the State's burden of proof beyond a reasonable doubt was not met. Prudential argues a civil jury may mistakenly confuse what Sigo's acquittal actually represents with a finding that Prudential cannot prove its arson defense even by the lesser standard of a preponderance of the evidence, and that such prejudice is too great to be cured by a limiting jury instruction. Prudential emphasizes that while Sigo was a party at his criminal trial, with a full and fair opportunity to introduce evidence and argue the facts, Prudential was not a party to the criminal trial and should not be penalized by any defects in the State's trial strategy or the evidence it chose to present.
Indiana Rule of Evidence 616 provides that "[f]or the purpose of attacking the credibility of a witness, evidence of bias, prejudice, or interest of the witness for or against any party to the case is admissible." However, this Rule "should be read in conjunction with [Evidence] Rule 403's required balancing of probative value against the danger of unfair prejudice." Ingram v. State, 715 N.E.2d 405, 407 (Ind.1999). "`Unfair prejudice' addresses the way in which the jury is expected to respond to the evidence; it looks to the capacity of the evidence to persuade by illegitimate means, or the tendency of the evidence to suggest decision on an improper basis." Id. (quotation omitted). Thus, while evidence of Sigo's criminal trial and acquittal, where at least two of Prudential's witnesses in this case testified for the State, would be presumptively admissible if it showed those witnesses' bias, prejudice, or interest, the evidence may still be excluded if the acquittal tends to suggest an improper basis for the jury's decision.
The traditional common law rule was "well settled that the records in criminal cases are not admissible in civil actions as evidence of the facts upon which a conviction was had. . . ." Dimmick v. Follis, 123 Ind.App. 701, 704, 111 N.E.2d 486, 488 (1953). The reasons for this rule were "the want of mutuality arising from the fact that the parties to the two records are not the same; that the course of the proceedings and rules of decision in the two courts are different and that a higher degree of proof is required in criminal than in civil cases." Id. An exception was recognized for a guilty plea, the record of which could be allowed as an admission against interest if the criminal defendant were later party to a civil case. Id. It was also stated, in conjunction with the rule that a criminal verdict was not competent evidence in a civil action, that were a party acquitted of a criminal charge, "the judgment of acquittal or the finding that he had not committed the felony would not be competent evidence in his favor in [an] action for damages. . . ." Montgomery v. *1252 Crum, 199 Ind. 660, 161 N.E. 251, 261 (1928).
Our supreme court has since adopted the wider exception, established by statute in 1982, allowing a criminal felony conviction as evidence in a civil action. Hawkins v. Auto-Owners (Mut.) Ins. Co., 608 N.E.2d 1358, 1359 (Ind.1993) (citing former Indiana Code section 34-3-18-1, now recodified as section 34-39-3-1). The following year our supreme court clarified that while a felony conviction is admissible, it is not necessarily conclusive proof in the civil action of the facts upon which the conviction was based. Kimberlin v. DeLong, 637 N.E.2d 121, 124 (Ind.1994), cert. denied, 516 U.S. 829, 116 S.Ct. 98, 133 L.Ed.2d 53 (1995).
This exception to the traditional common law rule has not yet evolved into widespread willingness to admit in a civil action any and all records of criminal or quasi-criminal proceedings. In Lepucki v. Lake County Sheriff's Dep't, 801 N.E.2d 636, 638-40 (Ind.Ct.App.2003), this court held it was reversible error to admit, in a motorist's tort action for damages from a collision with a patrol car, evidence that the motorist was found guilty of the infraction of failing to yield to the patrol car. We reasoned that traffic infractions, like misdemeanors, are outside the scope of Indiana Code section 34-39-3-1, and that evidence that another court had already determined the motorist violated a safety statute was unfairly prejudicial in that it "usurped or, at a minimum, tainted the jury's province" in adjudicating the parties' negligence. Id. at 639-40.
While no Indiana reported case is directly on point, cases from other jurisdictions support Prudential's position that in an action to recover on a fire insurance policy, evidence of the insured's acquittal of related arson charges is at best marginally relevant and raises the concern of unfair prejudice. In McSweeney v. Utica Fire Ins. Co. of Oneida County, N.Y., 224 F.2d 327 (4th Cir.1955), the Fourth Circuit held that in an action to recover fire insurance proceeds where the insurers alleged the insured set the fire, the district court properly excluded evidence that the insured was tried and acquitted of arson. "Since the burden of proof on the moving party to establish the crucial facts is heavier in a criminal than in a civil case, and there is a dissimilarity of parties, it has generally been held that an acquittal in a criminal case is not admissible in a civil action as evidence of the innocence of the accused." Id. at 328.
Whereas McSweeney focused on the marginal relevancy of an acquittal, more recent federal cases articulate the danger of unfair prejudice to the insurer, though they directly address evidence of nonprosecution rather than acquittal. See Muñoz v. State Farm Lloyds of Texas, 522 F.3d 568, 572-73 (5th Cir.2008) (holding that, in homeowner's action to recover under fire insurance policy, it was reversible error to admit evidence that grand jury did not indict homeowner for arson, because such evidence "goes directly to the principal issue before the jury and is highly prejudicial"); Rabon v. Great Sw. Fire Ins. Co., 818 F.2d 306, 309 (4th Cir.1987) (holding that evidence of insured's nonprosecution on arson charges was inadmissible and its admission was reversible error, stating "a federal trial court commits reversible error when it permits the plaintiff in a suit for fire insurance proceeds to present evidence of his nonprosecution or acquittal on related criminal arson charges"); Kelly's Auto Parts, No. 1, Inc. v. Boughton, 809 F.2d 1247, 1254 (6th Cir.1987) (holding that in homeowner's action to recover fire insurance proceeds, it was reversible error to admit evidence that homeowner was not charged with arson; "[j]ury instructions *1253 are inadequate, in our view, to cure the inherent prejudice involved"); Galbraith v. Hartford Fire Ins. Co., 464 F.2d 225, 227 (3d Cir.1972) (holding it was reversible error to admit evidence that insured homeowner, who sought recovery under fire policy, had not been prosecuted for arson; such evidence was "inadmissible and in the circumstances of this case highly prejudicial to the issue of whether or not [the insured] had in fact committed arson"). While these federal cases are not controlling as to the interpretation of Indiana evidence law, they are instructive and persuasive insofar as Indiana's pertinent Evidence Rules mirror their federal counterparts.
Directly addressing the admissibility of an acquittal, other states' courts have taken similar views, with several holding that evidence of an insured's acquittal on related arson charges is inadmissible in a subsequent civil action to recover under the policy. See, e.g., Elliott v. Mid-Century Ins. Co., 701 S.W.2d 462, 466 (Mo.Ct.App. 1985) (holding that evidence of insured's acquittal of arson was inadmissible in civil action to recover under insurance policy); Greenberg v. Aetna Ins. Co., 427 Pa. 511, 235 A.2d 576, 578 & n. 3 (1967) (stating an insured's acquittal of arson "is irrelevant and inadmissible in a civil case to recover damages . . . under the same fire insurance policy," even though an arson conviction would be admissible); Tennessee Odin Ins. Co. v. Dickey, 190 Tenn. 96, 228 S.W.2d 73, 74-75 (1950) (holding evidence of insured's acquittal of arson was inadmissible for any purpose, and its admission was reversible error, in action to recover on insurance contract; "the jury might well have concluded that the insurance company's defense was false, even though the court instructed the jury that [acquittal evidence] should go only to [insured's] credibility").
Sigo attempts to distinguish the above cases by noting that their contested fact issue was not, as here, whether the fire was intentionally set but rather whothe insured or someone elseset the fire. While Sigo's factual distinction is correct as to the majority of the above cases,[2] Sigo does not persuasively explain why it should lead to a different result here. Regardless of whether the fact question is "was this fire intentionally set?" or "who set it?", the legal issue remains the same: should an insured's acquittal be admissible for any purpose in a civil trial involving relitigation of the same or substantially similar fact question?
Sigo also points us to Weathers v. Am. Family Mut. Ins. Co., 793 F.Supp. 1002 (D.Kan.1992). In that case, the plaintiff was criminally charged and acquitted of arson of her home and then filed suit against her insurer for breach of contract, outrage, and malicious prosecution. The civil case proceeded to a jury trial on all three claims, and "one of the central issues in plaintiff's case against [insurer] AFM was whether AFM caused the institution of the criminal arson charges against plaintiff." Id. at 1014. The district court applied a "narrow exception" to the general rule excluding evidence of an insured's acquittal of arson charges and held the plaintiff's acquittal was admissible "[i]n light of the existence and viability of the malicious prosecution claim." Id. at 1015. The reasoning of the district court in Weathers does not apply to the present case because Sigo never alleged malicious prosecution by Prudential, his bad faith claim was decided in Prudential's favor on *1254 summary judgment, and his only remaining claim is for breach of contract.
Sigo correctly notes that had he been convicted of arson, the conviction would be admissible in this subsequent civil trial. Indiana Code section 34-39-3-1(a) states:
Evidence of a final judgment that:
(1) is entered after a trial or upon a plea of guilty; and
(2) adjudges a person guilty of a crime punishable by death or imprisonment of more than one (1) year;
shall be admissible in a civil action to prove any fact essential to sustaining the judgment. . . .
Indiana Rule of Evidence 803(22) provides an exception to the hearsay rule for evidence of such convictions. However, neither the statutory rule as adopted by our supreme court, see Kimberlin, 637 N.E.2d at 124, nor the Evidence Rule provides by its terms for admitting evidence of an acquittal. We may presume that had the drafters of the statute or Rule intended acquittal evidence to be admissible, they would have expressly said so. As an intermediate appellate court, we are in no position to change Indiana law on this point.[3]
Sigo does not argue that evidence of his acquittal is admissible on the issue of whether he intentionally caused the fire. He argues only that it is admissible for other purposes and because Prudential's trial strategy has opened the door by intending to call Sumpter, the State Fire Marshall representative, which he states lends a "quasi-criminal" nature to the civil trial. Appellant's Br. at 6. However, it is not uncommon for police officers and other government actors to testify in civil cases. While Sigo posits that evidence of his criminal trial is necessary to show bias, prejudice, or adverse interest of Prudential's witnesses, who testified against him at the criminal trial,[4] Sigo does not explain how those witnesses' prior testimony creates a substantial bias or adverse interest. Neither has Sigo shown that the bias or interest of Prudential's witnesses is so inherently substantial that it could only be exposed by asking them whether and how they previously testified against Sigo. While Sigo's ability to make these uses of his criminal trial and acquittal is not central to proving his theory of the civil case, the potential prejudice to Prudential from the jury's improper use of his acquittal goes directly to the ultimate issue Prudential must prove to make its casethat Sigo intentionally set the fire. Thus, if evidence of Sigo's criminal trial and acquittal were permitted, it would create a substantial risk to Prudential of unfair prejudice *1255 in the form of the jury deciding the case based on improper inferences.
In sum, the probative value of Sigo's criminal trial and acquittal is marginal, whereas the danger of unfair prejudice to Prudential is substantial. In these circumstances, the trial court did not abuse its discretion by finding that the probative value was substantially outweighed by the danger of unfair prejudice, and we therefore affirm the trial court's order in limine.

Conclusion
The trial court did not abuse its discretion when it granted Prudential's motion in limine to exclude from the civil jury trial any evidence concerning Sigo's criminal trial and acquittal of arson. The trial court's interlocutory order is affirmed.
Affirmed.
MAY, J., and BRADFORD, J., concur.
NOTES
[1] We heard oral argument on March 22, 2011, at LaPorte High School in LaPorte, Indiana. We extend special appreciation to the school for hosting the argument and to the judges and magistrates of the LaPorte Circuit and Superior Courts who organized the event. We also thank counsel for their capable advocacy.
[2] In McSweeney, Greenberg, and Dickey it is not clear whether the insured disputed the incendiary origin of the fire.
[3] We are, however, not without sympathy for Sigo's position that it may seem unfair to allow an insurer such as Prudential to take advantage of a conviction obtained by the State of Indiana but deprive Sigo of his ability to use his acquittal to his advantage. We are also aware of a long line of Indiana cases holding that juries are presumed to follow limiting instructions. See, e.g., Pruitt v. State, 622 N.E.2d 469, 473 (Ind. 1993) ("We must presume on appeal that the jury followed the instruction of the trial court and considered [the] evidence for that limited purpose only."). Thus, Sigo makes a strong argument that a proper limiting instruction could clarify the differing burdens of proof in criminal and civil cases and satisfactorily lessen the possibility of the jury considering Sigo's acquittal for an improper purpose.
[4] Sumpter and Dilley would appear to be the most important witnesses for Prudential's theory of its case. After the trial court granted Prudential's motion in limine concerning Sigo's acquittal, Sigo filed a motion to exclude the testimony of Sumpter as "merely cumulative and because his presence will allude to Sigo's acquittal, thereby violating the court's order in limine." Appellant's App. at 19-20 (capitalization omitted). In his brief, Sigo states that motion was denied, although the record does not contain a formal ruling on it.